## PIERCE *v.* WILCOX.

BANKRUPTCY.—*Mortgagor and Mortgagee.*—*Proving Debt.*—Where a mort-
gagor of real or personal property becomes a bankrupt, and the mortgagee
does not sell the mortgaged property under the direction of the bankrupt
court, or release or deliver up to the assignee in bankruptcy his claim on the
property, the mortgagee cannot prove any part of his debt against the estate
in bankruptcy.

SAME.—*Discharge of Bankrupt.*—*Pleading.*—A bankrupt is only discharged
from such debts, claims, liabilities, and demands, as were, or might have been,
proved against his estate in bankruptcy, and a discharge in bankruptcy is not
a good plea in bar, except as to such debts as were, or might have been so
proved.

MORTGAGE.—*Foreclosure.*—That a portion of property mortgaged has greatly or
totally depreciated in value, or that a horse mortgaged has died, will not affect
the right of the mortgagee to have a foreclosure of his mortgage and a sale
of the mortgaged property.

APPEAL from the Floyd Circuit Court.

BUSKIRK, J.—The only question presented for our decision
is, whether the court erred in sustaining a demurrer to the
first and second paragraphs of the answer.   To properly un-
derstand the questions raised, and to make our opinion
intelligible, it will be necessary to set out the substance of

the complaint. The amended complaint states that James Pierce, the appellant, on the 23d day of September, 1858, executed a mortgage to Riley M. Wilcox, the appellee, a copy of which was made a part of the complaint, conveying certain lands and sundry chattels therein described to secure the appellee on sundry notes made by appellant, as principal, and the appellee as surety, to the Ohio Insurance Company; that the appellant failed to pay said notes; that on the 3d day of May, 1860, said Ohio Insurance Company obtained a judgment on said notes, in the Floyd Circuit Court, against the appellant as principal, and the appellee as surety; that on the 28th day of May, 1860, an execution was issued on said judgment, upon which the appellee was compelled to and did pay two thousand dollars; that on the 11th day of May, 1865, appellee assigned to one Mellett M. Wilcox his claim against the appellant for said sum of two thousand dollars, paid as aforesaid; that on the 10th of November, 1866, said Mellett M. Wilcox obtained judgment, in said Floyd Circuit Court, against appellant for the full amount of said claim so assigned to him by appellee; that before the commencement of this action said Mellett M. Wilcox assigned his said judgment to appellee; that the said Mellett M. Wilcox is made a defendant to answer to said assignment; that the said judgment belonged to the appellee and was wholly unpaid. The prayer of said complaint was for a judgment for two thousand five hundred dollars, for the foreclosure of said mortgage, the sale of the mortgaged property, and for all other proper relief.

The second paragraph of the complaint was, in substance, the same as the first.

Copies of the mortgage, notes, judgments, and assignments thereof were filed with the complaint.

The appellant answered as follows:

" 1. The defendant, James Pierce, separately answers the plaintiff's complaint herein, and says that, on the 13th day of January, A. D., 1869, a discharge in bankruptcy was duly granted to this defendant by the district court of the United

States within and for the district of Indiana, which said discharge in bankruptcy is in the words and figures as follows:

"'District Court of the United States, district of Indiana.

"'Whereas James Pierce has been duly adjudged a bankrupt, under the act of Congress establishing a uniform system of bankruptcy throughout the United States, and appears to have conformed to all requirements of law in that behalf; it is therefore ordered by the court that said James Pierce be forever discharged from all debts and claims which, by said act, are made provable against his estate, and which existed on the 18th of January, 1868, on which day the petition for adjudication was filed by him, excepting such debts, if any, as are by said act excepted from the operation of a discharge in bankruptcy.

"'Given under my hand and the seal of the court, at Indianapolis, in the said district, this 13th day of January, A. D., 1869.                          DAVID MCDONALD,

"'Judge U. S. District Court of Indiana.

"'Attest: J. D. HOWLAND, Clerk.'

"Wherefore, the defendant, James Pierce, says that the plaintiff's action is fully and completely barred, and he demands judgment that the plaintiff ought not to be permitted to maintain and prosecute his action herein against him, and for all other proper relief.

"G. V. HOWK & SON, Attorneys.

"2. The defendant, James Pierce, for further and second paragraph of his answer in this action, separately answers so much of the plaintiff's complaint herein as seeks to recover from this defendant anything more than the value of the real estate and the roan horse, now living, hereinafter mentioned, and says that on the 13th day of January, 1869, a discharge in bankruptcy was duly granted to this defendant by the district court of the United States within and for the district of Indiana, which said discharge in bankruptcy is in the words and figures following, to wit:" Then follows a discharge, the same as the one above set out, which we omit, and the answer proceeds as follows:

Pierce *v.* Wilcox.

"And this defendant avers that long before his filing of his said petition of adjudication in bankruptcy, one of the two roan horses described in the mortgage sued on herein had departed this life, and that the spring wagon, the two road wagons, and the carriage, in said mortgage described, were utterly used up and worn out, so that nothing remained, or now remains, of the said articles of property, or either of them, in this defendant's possession; that only one of the two roan horses, in said mortgage described, was living at the time of the filing by this defendant of his said petition in bankruptcy, or is living now; that the said living horse is now twenty-seven (27) years old, and was not, at the time of the filing of his said petition, and is not now, worth any greater sum than twenty-five dollars; that the real estate described in said mortgage never was, and is not now, worth more than two hundred dollars; and that the plaintiff herein did not prove before the proper register in bankruptcy the debt for which he sues in this action, or any part thereof.

"Wherefore, the defendant, James Pierce, says that the plaintiff's complaint herein, except as to said real estate and the said roan horse now living, is fully and completely barred, and he demands judgment accordingly, and for all other proper relief. G. V. HOWK & SON, Attorneys."

The appellee demurred separately to each paragraph of the answer, upon the ground that neither paragraph contained facts sufficient to constitute a defence to the action, and which demurrers were by the court sustained, and to this ruling proper exceptions were taken.

The appellant failing and declining to answer further herein, the court below ordered that appellee's complaint be taken as confessed by said appellant. Finding of court below in favor of appellee, and against appellant, for two thousand dollars, and foreclosing said mortgage and judgment accordingly, that the real estate and personal property described in said mortgage be sold by the sheriff of said county, as other property is sold upon execution, to satisfy said mortgage debt and the costs of this action.

The appellant has assigned for error the sustaining of the demurrer to the first and second paragraphs of the answer.

The sole purpose of the complaint was to obtain a foreclosure of the mortgage and a sale of the mortgaged property. The mortgage embraced both real and personal property. The bankruptcy of the defendant was pleaded in bar of the foreclosure of the mortgage. Was this a defence? The question is to be determined by the bankrupt law.

The thirty-fourth section of the bankrupt law of 1867 is as follows:

"Sec. 34. And be it further enacted, that a discharge duly granted under this act shall, with the exceptions aforesaid, release the bankrupt from all debts, claims, liabilities, and demands which were or might have been proved against his estate in bankruptcy, and may be pleaded, by a simple averment that on the day of its date such discharge was granted to him, setting the same forth in *hæc verba*, as a full and complete bar to all suits brought on any such debts, claims, liabilities, or demands, and the certificate shall be conclusive evidence in favor of such bankrupt of the fact and the regularity of such discharge."

It is provided in section 33 of said act, "that no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under this act."

The exceptions mentioned in section 34 are those set out above in section 33.

Could the debt secured by the mortgage have been proved against the estate of the bankrupt, and could the appellee have become a creditor within the meaning of the bankrupt law? These inquiries will be answered by a reference to section 20 of said act. So much of said section as relates to the point under investigation reads as follows:

"When a creditor has a mortgage or pledge of real or personal property of the bankrupt, or a lien thereon for securing the payment of a debt owing to him from the bankrupt, he shall be admitted as a creditor only for the balance

of the debt after deducting the value of such property, to be ascertained by agreement between him and the assignee, or by a sale thereof, to be made in such manner as the court shall direct; or the creditor may release or convey his claim to the assignee upon such property, and be admitted to prove his whole debt. If the value of the property exceeds the sum for which it is so held as security, the assignee may release to the creditor the bankrupt's right of redemption therein on receiving such excess; or he may sell the property subject to the claim of the creditor thereon; and in either case the assignee and creditor, respectively, shall execute all deeds and writings necessary or proper to consummate the transaction. If the property is not so sold or released and delivered up, the creditor shall not be allowed to prove any part of his debt."

It is conceded that the mortgaged property was not sold, released, or delivered up. In such case the appellee could not have proved any part of his debt, and as, under section 34 of said act, the bankrupt is only discharged from such debts, claims, liabilities, and demands as were or might have been proved against his estate in bankruptcy, the discharge constitutes no defence to the action. In our opinion, the discharge in bankruptcy constituted no defence to the action to foreclose the mortgage. This applies as well to the mortgage of the personal property as to that of the real estate.

The appellant, in the second paragraph of his answer, in addition to pleading his discharge in bankruptcy, alleged that one of the horses mentioned in the mortgage was dead, and that the other horse and the residue of the personal property mortgaged were worn out and of but little value. We are unable to see how the facts alleged could have, in any manner, affected the right of the appellee to have a foreclosure of the mortgage and an order of sale. There was no personal judgment rendered against the appellant. The decree operated alone on the property described in the mortgage. The order for the sale of the dead horse could

and did not injuriously affect the rights of the appellant. The fact that the residue of the personal property described in the mortgage had deteriorated in quality and value, did not defeat the right of the appellee to have a foreclosure and sale of the property. The quality and value of such property would seriously affect the amount which the appellee would realize from the sale, but this would not injure the appellant, for the reason that there was no judgment over against him, and when the property mortgaged has been sold, whether for a great or small price, the remedy of the appellee will be exhausted.

There being no personal judgment against the appellant, he will in no manner be liable for any balance that may remain unpaid after the property mortgaged shall have been sold.

We are very clearly of the opinion that the court committed no error in sustaining the demurrers to the first and second paragraphs of the answer.

The judgment is affirmed, with costs.

*G. V. Howk, C. D. Howk,* and *W. W. Tuley,* for appellant.