[S. F. No. 2640. Department One.—February 17, 1904.]

# SANFORD BENNETT, Appellant, v. A. W. BEADLE, Respondent.

LIEN UPON VESSEL—MATERIALS FURNISHED—CONSTRUCTION OF CODE—
MECHANICS' LIEN LAW.—In determining the liability of a vessel
for a lien for materials furnished in this state "for its construction,
repair, or equipment," under section 813 of the Code of Civil Procedure, that section must be construed as *in pari materia* with the
Mechanics' Lien Law; and the materials must be actually furnished
to the vessel and used thereon to create the lien.

ID.—SITUATION OF VESSEL—CONSTRUCTION OUT OF STATE—LIEN NOT
CREATED.—In order to create a lien upon a vessel for materials furnished, under section 813 of the Code of Civil Procedure, the vessel
must be situated in this state when the materials are actually
furnished thereto and used thereon. No lien can be enforced in
this state upon a vessel wholly constructed in another state for
materials furnished by residents of this state to shipbuilders engaged in its construction in such other state.

ID.—POWER OF LEGISLATURE.—The legislature has no power to impose
a lien on property situated outside of the state.

ID.—ARRIVAL OF VESSEL IN STATE—LIEN NOT ENFORCEABLE.—When the
statute does not provide for the creation of a lien by the act of the
vessel in coming into the state, no lien is enforceable for materials
furnished out of the state when the vessel comes within its jurisdiction.

APPEAL from an order of the Superior Court of the City
and County of San Francisco granting a new trial. Edward
A. Belcher, Judge.

The facts are stated in the opinion of the court.

Charles P. Eells, for Appellant.

It is only necessary that the materials be *"furnished"* in
this state. (Code Civ. Proc., sec. 813.) The word "furnished" has been construed by this and other courts. (*Tibbetts* v. *Moore,* 23 Cal. 216; *Francis* v. *State,* 21 Tex. 285;
*Burns* v. *Seawell,* 48 Minn. 432; *Howe* v. *Reliance etc. Co.,*
46 Minn. 44.) A lien may be enforceable upon a vessel situated without the state when it comes within the jurisdiction.
(Code Civ. Proc., sec. 114; Overton's Law of Liens, sec. 681.)

Nathan H. Frank, for Respondent.

A lien cannot be created upon property situated out of the state. (*McDonald* v. *The Nimbus,* 137 Mass. 260; *Moore* v. *Lundt,* 1 Hun, 650, 652; 60 N. Y. 649.) Section 813 of the Code of Civil Procedure requires the presence of the vessel in the state, and the furnishing in the state of materials thereto, in order to constitute a lien under the law of this state. The test of a lien under maritime law is the situation of the vessel when the supplies are furnished. (*The Vigilancia,* 58 Fed. Rep. 698-700; *The Huron,* 29 Fed. Rep. 183; *The Daniel Kaine,* 31 Fed. Rep. 746; *The Sarah J. Weir,* 2 Low. 555; *The Eliza Jane,* 1 Sprague, 152; *The Mary McCabe,* 22 Fed. Rep. 750.)

ANGELLOTTI, J.—This action was brought by the assignee of various parties who furnished materials used in the construction and equipment of the steam vessel Santa Ana against the owner of said vessel, to have the amount due therefor determined and adjudged a lien upon the vessel, and to have the vessel sold in satisfaction thereof.

Plaintiff had judgment, and defendant duly made a motion for a new trial, which motion was granted by the trial court. This appeal was taken by plaintiff from the order granting defendant's motion for a new trial.

All of the materials for which it is here sought to enforce a lien were furnished by mercantile firms and corporations doing business in the city and county of San Francisco, state of California, to the firm of H. R. Reed & Son, shipbuilders at Coos Bay, in the state of Oregon, to be used by them in the construction of "*a* vessel" then building at Coos Bay, Oregon. Said Reed & Son had entered into a contract with defendant, a resident of San Francisco, California, to construct for him the hull of a vessel at said Coos Bay, for the sum of $25,280, and to deliver the same to him at the place of building, free from all liens. In pursuance of such contract, Reed & Son constructed the hull of the vessel Santa Ana at said place, and the vessel was finally launched by them at said place, and there delivered to defendant. When so delivered the contract had not been entirely fulfilled, but defendant completed the hull in Oregon sufficiently to enable him to tow her to San Francisco, and at the time this action

was begun he was engaged in putting in her engines and in completing her hull and equipment in San Francisco Bay.

The materials in question were ordered by Reed & Son through their agents in San Francisco, and were charged upon the books of the vendors against said Reed & Son, and in some instances against their San Francisco agent. They were packed by the vendors in San Francisco, there marked and labeled, addressed to "H. R. Reed & Son, Coos Bay, Oregon," and by the vendors delivered to steamship companies in San Francisco, to be delivered as addressed. They were so delivered by the steamship companies at Coos Bay, Oregon, and, having been there received by Reed & Son, were by them there used in the construction and equipment of the hull of the Santa Ana, before the launching thereof and the delivery to defendant. The contract between Reed & Son and defendant provided that all of the property in said vessel, as the same progressed in construction, should immediately pass to and be vested in defendant.

Upon these facts, defendant moved for a nonsuit upon the ground that the evidence failed to show any cause of action against defendant or for a lien against the vessel. This motion was denied, and the ruling of the court denying such motion was assigned as error.

Defendant introduced evidence showing that he did not order or purchase any of said materials, or use any of the same in constructing, repairing, or equipping the vessel in the state of California, and also that he had paid said Reed & Son for the construction of the vessel all but about ninety dollars of the contract price.

The findings of the court were attacked, especially those to the effect that the materials were furnished or delivered to Reed & Son at the city and county of San Francisco, for the construction and equipment of said vessel Santa Ana.

The only basis of plaintiff's claim against the property of defendant, who was in no way personally liable for the value of the materials sold and delivered to Reed & Son, and of whose interest in the vessel plaintiff's assignors apparently had no knowledge at the time of furnishing the materials, is section 813 of the Code of Civil Procedure, giving a lien on vessels in certain cases. That section provides, among other things, that all steamers, vessels, and boats are liable "for

work done or materials furnished in this state for their construction, repair or equipment," that demands for such causes constitute liens thereon, but that "such liens only continue in force for the period of one year from the time the cause of action accrues." Conceding that the delivery of the materials in San Francisco by plaintiff's assignors to common carriers for Reed & Son, the shipbuilders, was a delivery to the shipbuilders sufficient to bind them personally, it was not the "furnishing" of the materials "for the construction of the vessel" contemplated by the statute. Such a delivery to the shipbuilders could not of itself create a lien, for the materials so furnished might never find their way to the vessel or be used for the benefit thereof. The theory upon which such a lien is given upon the property of one who is in no way personally liable for the debt is, that the services or materials secured thereby have gone into the property, and that those who furnished them have in part created the very property to which the lien attaches. As is claimed by plaintiff's counsel, the subdivision of section 813 of the Code of Civil Procedure relative to liens on vessels for materials furnished for their construction and the sections of our law relative to mechanics' liens on buildings and other structures derive their being and authority from one common source,—viz., section 15 of article XX of the constitution of this state. That section provides that mechanics and materialmen shall have a lien upon the property "*upon which they have* bestowed labor or *furnished material,* for the value of such labor done and material furnished." Section 1183 of the Code of Civil Procedure, providing for liens upon buildings and other structures, declares that "mechanics, materialmen, . . . performing labor upon or furnishing materials to be used in the construction . . . of any building, . . . shall have a lien upon the property *upon which* they have bestowed labor or furnished materials," etc. It is firmly settled in this state that, although materials may be furnished with the agreement that they are to be used in a specified building, the materialman will have no lien upon that building for the value of any such materials that are not actually used therein. (*Silvester* v. *Coe Q. M. Co.,* 80 Cal. 510; *Bewick* v. *Muir,* 83 Cal. 368; *Roebling's Sons Co.* v. *Bear Valley Irr. Co.,* 99 Cal. 488; *Wilson* v. *Nugent,* 125 Cal. 280, 284.) Unless so used in the building, they are not "furnished

upon'' the same. The constitution and the section of the
statute last quoted give the materialmen a lien ''upon the
property *upon which* they have . . . furnished materials.''
The constitution and section 813 of the Code of Civil Pro-
cedure give to the materialman a lien upon the vessel ''upon
which'' he has furnished materials, for, as is claimed by
plaintiff, the statutes are undoubtedly *in pari materia* in this
respect, and the words ''all . . . vessels . . . are liable for
. . . *materials furnished . . . for their construction,*'' in the
section relative to liens on vessels, mean the same thing as the
words ''materialmen . . . furnishing materials . . . shall
have a lien upon the property *upon which they have . . .
furnished materials,*'' in the section relating to liens upon
buildings. In the one case, it is the furnishing *to the vessel*
that creates the lien; in the other, it is the furnishing to the
building or other structure that creates the lien. If this be
true, it is apparent that there cannot be, within the meaning
of our statute, any furnishing of materials ''in this state'' for
the construction of a vessel which is wholly constructed in
another state, and that materials which are put into vessels in
another state, cannot be held to have been ''furnished in this
state for their construction.''

Plaintiff, to sustain his claim that the materials were ''fur-
nished in this state,'' relies upon the case of *Tibbetts* v. *Moore,*
23 Cal. 208, construing a section of the mechanics' lien stat-
ute then in force, providing that the liens created by the act
shall be preferred to every other lien which shall have at-
tached upon the property subsequent to the time that the
first of the materials were furnished. It was there held in
determining the question as to whether a mortgage or lien for
materials was the superior lien, that the first of the materials
were furnished within the meaning of that statute, when
they were delivered or ready for delivery at the place where
the materialman had agreed to deliver them under the con-
tract, which in that case was some distance from the build-
ing. Without questioning the correctness of that decision as
to the particular matter there involved, it will be observed
that the word ''furnished'' there construed was used in rela-
tion to a different subject-matter from that here under dis-
cussion,—viz., the question of priority of liens, which is now
embraced in section 1186 of the Code of Civil Procedure,

whereby the materialman's lien is preferred to liens attaching subsequent to the time when the materials "are commenced to be furnished." The "furnishing" involved in this case is one which of itself, under the express wording of the statute, creates the lien, and, as we have seen, such a lien can arise only upon the furnishing upon the building or vessel. Under the construction of the statute contended for by plaintiff, we would be compelled to hold that the legislature of this state intended to give a lien upon property situate without the limits of the state, for whatever lien is given by the statute attaches immediately upon the furnishing of the materials, and continues in force for only one year after the cause of action accrues, during the whole of which time the vessel may be without the limits of the state. The legislature has no power to impose a lien upon property situate without the state (*Reddy* v. *Tinkum*, 60 Cal. 458, 467), and the statute makes no provision for the subsequent creation of a lien by the act of the vessel coming within the jurisdiction of the state. (See, in this connection, *Moores* v. *Lunt*, 1 Hun, 650, 652; *McDonald* v. *The Nimbus*, 137 Mass. 360.) It would seem to be clear, as contended by defendant, that if by reason of the vessel being in another state no lien is created when the materials are furnished, there is nothing to enforce when she comes within the jurisdiction.

Construing the subdivision of section 813 of the Code of Civil Procedure in question strictly *in pari materia* with the Mechanics' Lien Law, we are satisfied that it gives a lien for materials furnished to the contractor for the construction of a vessel only when the materials are furnished "to the vessel" in this state. (See in this connection *Phœnix Iron Co.* v. *Vessels Hopatcong, etc.*, 127 N. Y. 206, 211.) This being our conclusion, it is unnecessary to consider the question as to the applicability of the decisions of the federal courts, where it is well settled that the right of the maritime lien depends upon the locality of the vessel at the time the supplies are furnished or the repairs made. (See 19 Am. & Eng. Ency. of Law, 2d ed., p. 1106; *The Vigilancia*, 58 Fed. 698, 700.)

The question as to the proper construction of other subdivisions of section 813 of the Code of Civil Procedure relating to liens for services rendered on board and supplies furnished

at the request of "owners, masters, agents, or consignees," and for non-performance or mal-performance of contracts for transportation made by "owners, masters, agents, or consignees," is in no way material to the question here involved.

The order granting a new trial is affirmed.

Shaw, J., and Van Dyke, J., concurred.