[L. A. No. 2441. In Bank.—March 28, 1910.]

# LAWRENCE JENSEN, Respondent, v. FRED DORR, Appellant.

ATTACHMENT—ACTION FOR SERVICES AND MATERIALS USED IN CONSTRUC-
TION OF YACHT—CLAIM OF LIEN UPON VESSEL—MOTION TO DIS-
SOLVE.—In an action to recover for services rendered and material
furnished in the construction of a yacht belonging to the defendant
for which a lien is claimed by the plaintiff under section 813 of the
Code of Civil Precedure, an ordinary attachment irregularly issued
under sections 537 and 538 of the Code of Civil Procedure, cannot be
dissolved on the ground that plaintiff's demand was secured by a lien
upon the vessel antecedent to and independent of any seizure, and
that the affidavit falsely stated that the debt was not secured.

ID.—ATTACHMENT PROCEEDING AGAINST VESSELS DISTINCT FROM OR-
DINARY ATTACHMENT.—The attachment provided for in actions
against vessels, steamers, and boats, under chapter VI of title X, and
sections 813 et seq. of the Code of Civil Procedure, is entirely dis-
tinct from the ordinary attachment described in section 537. The
section which provides for a lien upon such vessels is followed by
provisions as to the manner of enforcing such lien. The attachment
under section 817 presupposes the existence of the lien, and provides
that the plaintiff may have the vessel attached as security for any
judgment that may be recovered in the action to enforce the lien,
and for the purpose of aiding in its enforcement.

ID.—AFFIDAVIT FOR ATTACHMENT NOT REQUIRED—WRIT NOT VITIATED
BY INCORRECT AFFIDAVIT.—Other than the verification of the com-
plaint to enforce the lien, no separate affidavit for attachment is
provided for or required. This being so, the plaintiff's writ cannot
be vitiated by his having filed a useless and superfluous affidavit,
nor by the fact that such affidavit contains a misstatement regarding
an immaterial matter.

ID.—IMPROPER GENERAL WRIT LEVIED UPON VESSEL—DISCHARGE RE-
QUIRED.—A general writ of attachment is not allowable in an action
to foreclose a lien against a steamboat, vessel, or boat; and notwith-
standing it may be levied thereupon, it must be discharged upon
motion as having been unlawfully issued.

ID.—PROCEEDINGS FOR ATTACHMENT STATUTORY IN EACH CLASS OF CASES.
—Proceedings for attachment, whether in ordinary cases, or in
actions to enforce liens against vessels, are created by statute, and
must in each of such class of cases follow the terms of the law gov-
erning that class.

ID.—SPECIFIC WRIT AGAINST VESSEL ESSENTIAL.—In an action to en-
force a lien against a particular vessel, the law requires that a
specific writ of attachment must be issued under section 819 of the

Code of Civil Procedure, which "must be directed to the sheriff of the county within which the steamer, vessel, or boat lies, and direct him to attach such steamer, vessel, or boat, with its tackle, apparel, and furniture, and keep the same in his custody until discharged in due course of law." It is a special writ, which gives authority to seize specific property only.

ID.—LEVY ON VESSEL ALONE UNDER GENERAL WRIT IMMATERIAL.—It is of no consequence, upon the motion to discharge the general writ, that the sheriff did not in fact levy the same upon any property other than the vessel in question.

ID.—WRIT OF ATTACHMENT AGAINST VESSEL DISCHARGEABLE IF IMPROPERLY ISSUED.—Under section 823 of the Code of Civil Procedure involving sections 556 and 558 thereof, a writ of attachment against a vessel may be discharged on motion if wrongfully issued without reference to any levy made thereunder.

APPEAL from an order of the Superior Court of San Diego County denying a motion to dissolve and discharge an attachment. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Wilbur Bassett, and Hickcox & Crenshaw, for Appellant.

Patterson Sprigg, for Respondent.

SLOSS, J.—Appeal by defendant from an order of the superior court of San Diego County denying his motion to dissolve an attachment. The complaint in the action was in nineteen counts, each of which set up a cause of action for services or material furnished and used in the construction of the yacht "Yankee Girl," owned by the defendant, Dorr. The total sum demanded was $4,001.76, for which plaintiff claimed a lien upon said vessel under the terms of section 813 of the Code of Civil Procedure. Upon the filing of the complaint, the plaintiff filed an affidavit, in the form prescribed by section 538 of the said code, averring, among other things, that the payment of the contract in suit "has not been secured by any mortgage or lien upon real or personal property or any pledge of personal property." At the same time an undertaking on attachment in the sum of five hundred dollars was filed. Thereupon a writ of attachment, in the form prescribed by section 540, was issued out of said court to the sheriff of Los Angeles County, and said sheriff made return that he had attached the yacht "Yankee Girl" with its tackle, apparel, and furniture.

Thereafter the defendant moved the court to dissolve and discharge the attachment upon the grounds: 1. That the attachment was improperly issued in that the contracts sued upon are alleged in the complaint to be secured by a lien upon personal property; 2. That the attachment was irregularly issued in that the affidavit is false in the statement that the amount sought to be recovered had not been secured by any lien upon personal property; and 3. That the writ was irregularly issued in that it did not direct the sheriff to attach the vessel "Yankee Girl," with its tackle, apparel, and furniture, as provided in section 819 of the Code of Civil Procedure. The motion, as already stated, was denied, and the defendant appeals.

Under subdivision 1 of section 537 of the Code of Civil Procedure, an attachment can issue in an action against a resident defendant only where the debt is unsecured by lien, mortgage, or pledge, or where the security has become valueless. The requisite fact must appear by affidavit (sec. 538). The first and second grounds of the motion to dissolve are based upon the proposition that the plaintiff's demand was, by virtue of section 813 of the Code of Civil Procedure, secured by a lien upon the vessel, such lien being antecedent to and independent of any seizure. (*The Great West* v. *Oberndorf*, 57 Ill. 168; *Bennett* v. *Beadle*, 142 Cal. 239, [75 Pac. 843].) From this the appellant draws the inferences that an attachment could not issue upon such secured debt and that, in any event, the attachment was irregularly issued because based upon an affidavit which falsely stated that the debt was not secured. These positions are not well taken. The attachment provided for in the chapter of the code relating to actions against steamers, vessels, and boats (Code Civ. Proc., sec. 813 et seq.) is entirely distinct from the ordinary attachment described in section 537 of the Code of Civil Procedure. The section which gives a lien upon vessels in certain cases is followed by other sections providing for the manner of enforcing such lien. The action is to be brought against certain defendants, if known (sec. 814), the form of the complaint and the manner of service of summons (secs. 815, 816) are prescribed, and it is then provided that the plaintiff may have the vessel attached as security for the satisfaction of any judgment that may be recovered (sec. 817). The writ, in a given form (sec. 819) is

to be issued by the clerk upon receiving an undertaking (sec. 818). There are further provisions as to the execution of the writ (sec. 820) and the release of attached property by undertaking (sec. 822). Here is a special statutory procedure designed to permit the enforcement of liens upon vessels, and authorizing a writ of attachment to facilitate that end. Obviously, the provisions of subdivision 1 of section 537, precluding an attachment in an action against a resident defendant where the debt is secured by a lien, unless the security has, without the act of the plaintiff, become valueless, can have no application to such proceedings against vessels or their owners. The attachment under section 817 presupposes the existence of a lien. It can issue only where there is such lien and for the purpose of aiding in its enforcement. For the same reason, the ordinary affidavit on attachment, showing a debt unsecured by lien, is entirely inappropriate to the case of an action to foreclose a lien upon a vessel. Since the sections covering such actions make no mention of an affidavit, we must conclude that none is required. If this be so the plaintiff's writ cannot be vitiated by his having filed a useless and superfluous affidavit, nor by the fact that such affidavit contained a misstatement regarding an immaterial matter. (*Thorn* v. *Alvord*, 32 Misc. 456, [66 N. Y. Supp. 587].)

But the very reasons which lead us to hold that the first and second grounds of defendant's motion are without merit, force the conclusion that the third ground was well taken, and should have been sustained. As respondent must concede, the general attachment law did not authorize an attachment in this case, and the issuance of the writ can be supported only as a proceeding under the statutory provisions regarding claims against vessels. It was essential therefore, that the steps taken should have been in substantial compliance with the terms of these provisions. Proceedings for attachment, whether in ordinary cases or in actions to enforce liens against vessels, are created by statute, and must, in each of such classes of cases follow the terms of the law governing that class. (*Edwards* v. *Cooper*, 28 Ark. 466.)

Where the attachment is sought in aid of an action to foreclose a lien upon a vessel, the code requirement is that the writ "must be directed to the sheriff of the county within which the steamer, vessel, or boat lies, and direct him to

attach such steamer, vessel, or boat, with its tackle, apparel, and furniture, and keep the same in his custody until discharged in due course of law." (Code Civ. Proc., sec. 819.) It is a special writ which gives authority to seize specific property only. The writ here issued, however, followed the terms of the general attachment law (Code Civ. Proc., sec. 540) and directed the sheriff "to attach and safely keep all the property of said defendant Dorr . . . within your said county, or so much thereof as may be sufficient to satisfy the said plaintiff's demand . . ." This was essentially different from the writ to which plaintiff was entitled under the vessels statute. In place of process authorizing a seizure of the yacht "Yankee Girl" alone, the sheriff was armed with a writ empowering him to seize any property of the defendant, and this in a case in which, under the averments of the complaint, a general attachment could not issue.

It is of no consequence that the sheriff did not, in fact, levy on any property other than the vessel. Under section 823, attachments on vessels may, on motion, be discharged in the same manner, and on like terms and conditions, as attachments in other cases. Sections 556 and 558, thus imported into the procedure for enforcing liens against vessels, provide that a writ of attachment must be discharged, if upon motion, made before or after levy, it appears that the writ was improperly or irregularly issued. "Under these sections it is immaterial whether much or little or any property of a defendant has been actually levied upon, but the court must, upon proper application therefor, discharge the writ of attachment thus wrongfully issued." (*Kennedy* v. *California Sav. Bank*, 97 Cal. 93, [33 Am. St. Rep. 163, 31 Pac. 846]; *Sparks* v. *Bell*, 137 Cal. 414, [70 Pac. 281].)

By a proviso recently added to section 558 (Stats 1909, p. 253), a motion to discharge for irregularity may now be met by proper amendment of the affidavit, undertaking, or writ. But this enactment was not in force when the motion in the present case was made, and, besides, it does not appear that plaintiff made any attempt to correct the defective writ.

The order is reversed.

Angellotti, J., Shaw, J., Melvin, J., Lorigan, J., and Henshaw, J., concurred.