[L. A. No. 2616. Department One.—May 12, 1911.]

## LAWRENCE JENSEN, Respondent, v. FRED DORR, Appellant.

PLEADING—COMPLAINT IN SEVERAL COUNTS—GENERAL DEMURRER—SUFFICIENCY OF ONE COUNT.—If a cause of action is stated in only one of several counts of a complaint, the pleading is sufficient as against a demurrer on the ground "that said *complaint* does not allege facts sufficient to constitute a cause of action."

VESSELS—LIENS—CONSTRUCTION OF CODE PROVISIONS.—Section 3060 of the Civil Code and section 813 of the Code of Civil Procedure, providing for liens upon vessels, and each of which was enacted at the time of the adoption of the codes in 1872, are, under section 4480 of the Political Code, to be construed together, as though they had been passed at the same moment of time, and were parts of the same statute.

ID.—LIENS FOR WORK AND MATERIALS IN CONSTRUCTION—AMOUNT OF DEBT IMMATERIAL.—Section 813 of the Code of Civil Procedure gives a lien for work done or materials furnished in this state for the original construction of a vessel irrespective of the amount of the debt.

ID.—DEBT CONTRACTED FOR BENEFIT OF SHIP—LIMITATION ON AMOUNT.—Section 3060 of the Civil Code, providing that "debts amounting to at least fifty dollars, contracted for the benefit of ships, are liens in the cases provided by the Code of Civil Procedure," is not applicable to debts contracted in the original construction of a vessel. It refers only to such debts as are contracted for the benefit of a vessel, after it has been completed and made ready for use as an instrument of commerce or navigation.

ID.—COMPLETED VESSEL.— INSTRUMENT OF COMMERCE.—Everything originally done in making a vessel complete and ready for use as an instrument of commerce or navigation is construction work, and a structure becomes a ship within the meaning of the maritime law only when such construction work has been fully completed.

ID.—PLEADING—ACTION TO ENFORCE LIEN—WORK AND MATERIAL MUST HAVE BEEN FURNISHED TO BE USED.—In an action to enforce such a lien, the complaint, as against a general demurrer, must show that the services and materials were not only furnished in the actual construction of such vessel, but also were furnished to be used in such construction.

ID.—ALLEGATION OF AGGREGATE AMOUNT OF DEBT—ITEMS OF ACCOUNT NEED NOT BE ALLEGED.—In such an action, a complaint which alleges an aggregate amount due for labor done and materials furnished for the construction of the vessel, is not demurrable for uncertainty,

ambiguity or unintelligibility, in failing to specify what part thereof is for labor and what part is for materials. Section 454 of the Code of Civil Procedure, providing that the items of an account need not be set forth in a pleading, but must be furnished to the adverse party, if demanded, is applicable to such a demand.

ID.—DENIAL ON INFORMATION AND BELIEF—SUFFICIENCY IN FORM—VERIFIED COMPLAINT.—As to matters not presumably within the knowledge of a defendant, an answer that the "defendant has no information or belief sufficient to enable him to answer the allegations of said complaint, and basing his denial upon that ground, he denies each and several the allegations thereof," is sufficient, and a specific denial of each of the allegations as to such matters is not essential, notwithstanding the complaint is verified.

ID.—DENIAL OF ASSIGNMENT—KNOWLEDGE OF ASSIGNMENT NOT PRESUMED—JUDGMENT ON PLEADINGS.—In an action by an assignee of a claim, the fact of the alleged assignment is not a matter presumably within the knowledge of the defendant, and may be denied by him on information and belief. If so denied, the plaintiff is not entitled to judgment without proof of the fact of the assignment, and a judgment on the pleading is not warranted.

ID.—PERSONAL JUDGMENT AGAINST OWNER OF VESSEL—SUPPLEMENTAL ANSWER SETTING UP BANKRUPTCY DISCHARGE—REFUSAL OF LEAVE TO FILE ANSWER ABUSE OF DISCRETION.—In an action to enforce a lien against a vessel for labor and materials furnished in its construction, and for a personal judgment against the owner, in which the court rendered such personal judgment in addition to a judgment enforcing the lien, it was prejudicial error and an abuse of discretion for the trial court to refuse the defendant leave to file a supplemental answer setting up a bankruptcy discharge obtained subsequent to the commencement of the action, as a bar to any personal judgment, where proper application is made therefor within a reasonable time after obtaining such discharge.

ID.—APPEAL—TRUTH OF FACTS SET UP IN ANSWER NOT ASSUMED.—On an appeal from such judgment, the appellate court cannot assume that the allegations of the defendant's proposed supplemental answer, setting up such discharge, are true. While he should have been allowed to set up such defense, its truth is for the determination of the trial court.

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Wilbur Bassett, for Appellant.

Patterson Sprigg, for Respondent.

ANGELLOTTI, J.—This is an appeal from a judgment given in favor of plaintiff, upon motion for judgment on the pleadings. The complaint was in nineteen counts, each of which set up a cause of action for services or material furnished in this state, at the special instance and request of defendant, for the yacht "Yankee Girl," in the construction of said yacht, owned by said defendant. Three of said counts set up causes of action for services and materials furnished by plaintiff, and the remaining counts were for services and materials furnished by various other persons who had assigned their respective claims to plaintiff. Some of these claims were for less than fifty dollars. The total sum sought to be recovered was $4,001.76. Each count stated facts sufficient to warrant a judgment *in personam* against defendant for the alleged value of the services and material, but plaintiff stated in his complaint that he "claims a lien in and upon said yacht 'Yankee Girl' under and by virtue of section 813 of the Code of Civil Procedure of the state of California as to each and all of said causes of action herein set forth." The action was commenced in the year 1907, which was within one year from the time each cause of action accrued. Judgment was given October 21, 1909. By the judgment it was decreed that plaintiff have judgment against the defendant for the sum of $4,001.76 with interest and costs, and further that said yacht "Yankee Girl" be sold to satisfy such judgment, and that execution be issued against said yacht or whatever securities had been given in lieu of the attachment levied in the action, and payment of the amount due plaintiff under the judgment be made from the proceeds of the sale.

It is not questioned that an attachment was levied on the vessel at the inception of this action under section 817 et seq. of the Code of Civil Procedure, or that an order refusing to dissolve this attachment was reversed by this court on March 28, 1910, on the ground that the writ of attachment issued, under which the sheriff made his levy, was not in substantial compliance with the requirements of section 819 of the Code of Civil Procedure. (*Jensen* v. *Dorr,* 157 Cal. 437, [108 Pac. 320].) It will be assumed for all the purposes of this decision that there never was any valid attachment of the vessel.

The demurrer to the third amended complaint was properly overruled.

There is no basis for the claim that such complaint does not state a cause of action. If a cause of action were stated in only one of the nineteen counts it would be sufficient as against the demurrer on this ground, which is simply "that said *complaint* does not allege facts sufficient to constitute a cause of action."

But we are satisfied that each count sufficiently states a cause of action against defendant personally, and also states facts sufficient to serve as a basis for a claim of lien on the vessel under section 813 of the Code of Civil Procedure.

The principal contention of defendant in this behalf is that some of the causes of action are for a less sum than fifty dollars, and that no lien is given unless the debt amounts to fifty dollars. This contention is founded on section 3060 of the Civil Code, enacted in 1872, providing that "debts amounting to at least fifty dollars, contracted for the benefit of ships, are liens in the cases provided by the Code of Civil Procedure." But section 813 of the Code of Civil Procedure, as adopted at the same time, gives a lien for materials and services furnished in connection with steamers, vessels, and boats, in certain specified instances, regardless of the amount of the demand therefor, among which specific instances is that of "work done or materials furnished in this state for their construction, repair or equipment" (subd. 3). It may be conceded that section 3060 of the Civil Code, and section 813 of the Code of Civil Procedure, are to be considered together as though they had been "passed at the same moment of time, and were parts of the same statute." (Pol. Code, sec. 4480; *St. Louis Nat'l Bank* v. *Gay,* 101 Cal. 288, [35 Pac. 876]; *The Louis Olsen,* 57 Fed. 845, [6 C. C. A. 608].) But we do not think that section 3060 should be construed as applicable to debts contracted in the original construction of a vessel. The section is limited by its express terms to debts "contracted for the benefit of ships," just as the section giving a lien to the master of a ship (Civ. Code, sec. 3055) is limited by its terms to advances made or liabilities incurred "for the benefit of the ship." This language appears to contemplate an existing, completed vessel, the marine entity known as a ship after she has been completed and made ready for use as an instrument of commerce or navigation, and the section reasonably

construed refers only to such debts as are "contracted for the benefit" of such a completed vessel. The weight of authority is in favor of the proposition that everything originally done in making a vessel complete and ready for use as an instrument of commerce or navigation is construction work, and that a structure becomes a ship within the meaning of the maritime law only when such construction work has been fully completed. (See 26 Cyc. 761, 762, 763.) Construing section 3060 as we do, it in no way conflicts with or affects the provision of section 813 of the Code of Civil Procedure, giving a lien for construction work, regardless of the amount of the debt. How it may affect any other provision of that section it is unnecessary here to determine.

Each count sufficiently shows as against a general demurrer that the services and materials were not only furnished in the actual construction of such vessel, but also were furnished to be used in such construction. This sufficiently answers any objection based on the decision in *Bennett* v. *Beadle,* 142 Cal. 239, [75 Pac. 843].

There is no force in the points made in defendant's brief in support of his special demurrer for uncertainty, ambiguity and unintelligibility. The facts alleged in each count clearly show the right to a lien under subdivision 3 of section 813 of the Code of Civil Procedure, for work done and materials furnished in this state for the *construction* of the vessel. Basing his claim upon the fact that in four of the counts in which the charge is for both material and labor, there is no specification of the amounts due respectively for labor and materials, it was urged by the defendant that the complaint is uncertain, etc., in that it cannot be ascertained therefrom what part of the claim is for labor and what part is for materials. These counts were for $60.35, $38.85, $344.35 and $36.10, respectively, and each may be taken as indicating but a single claim rather than two different causes of action. (*McFarland* v. *Holcomb,* 123 Cal. 84, [55 Pac. 761].) The words "the account" as used in section 454 of the Code of Civil Procedure, providing that the items of an account need not be set forth in a pleading, but that the party relying thereon must furnish the same to the other party if the same be demanded, included such demands as are stated in this case (*Long Beach etc.* v.

*Dodge,* 135 Cal. 407, [67 Pac. 499]), and the demurrer on this ground was properly overruled (*Long Beach etc.* v. *Dodge,* 135 Cal. 407, [67 Pac. 499]; *McFarland* v. *Holcomb,* 123 Cal. 84, [55 Pac. 761]; *Pleasant* v. *Samuels,* 114 Cal. 34, [45 Pac. 998]; *Wise* v. *Hogan,* 77 Cal. 184, [19 Pac. 278]). The case of *Minor* v. *Baldridge,* 123 Cal. 187, [55 Pac. 783], decides nothing that would make the complaint here bad in the face of the special demurrer interposed.

Regardless of the question of the correctness of the action of the trial court in refusing to allow defendant to file a supplemental answer, to which question we shall refer later, it must be held that the court erred in granting the motion for judgment on the pleadings. All of the allegations of each count of the complaint were denied by the answer, the following being the form of denial as to the first count: "For answer to the first cause of action herein, defendant has no information or belief sufficient to enable him to answer the allegations of said complaint, and basing his denial upon that ground, he denies each and several the allegations thereof." The denial as to each of the other causes of action was in precisely the same language, the number of the cause of action being stated in each case. Whatever we might think of this form of denial were the question a new one in this state, it is settled by the decisions that as to matters not presumably within the knowledge of a defendant such a form of denial is permissible, and that a specific denial of each of the allegations as to such matters is not essential, notwithstanding that the complaint is verified. (Code Civ. Proc., sec. 437. See *Etchas* v. *Orena,* 121 Cal. 270, [53 Pac. 798]; *Read* v. *Buffum,* 79 Cal. 77, [12 Am. St. Rep. 131, 21 Pac. 555].) This is recognized in *Raphael Weill & Co.* v. *Crittenden,* 139 Cal. 488, [73 Pac. 238], the granting of the motion for judgment on the pleadings being sustained in that case upon the theory that all of the material matters alleged in the complaint were presumably within the knowledge of the defendant, and the case being expressly distinguished from the cases above cited by reason of that fact. In sixteen of the nineteen causes of action set forth in the complaint at bar, the plaintiff was not the original owner of the claim alleged, but sued as assignee, alleging as to each an assignment from the original claimant. Whatever may be said as to any other allegation,

it is clear that it cannot be held that the matters of the alleged assignments were presumably within the knowledge of defendant. (See *Read* v. *Buffum,* 79 Cal. 77, [12 Am. St. Rep. 131, 21 Pac. 555].)' This being so, it necessarily follows, in view of the decisions cited, that issue was properly joined on the question of assignment at least, and plaintiff was not entitled to judgment upon any of the alleged assigned claims without proof made of the fact of assignment. We are not to be understood as deciding that the allegations as to assignment are the only matters alleged in the complaint not presumably within the knowledge of the defendant. The error of the trial court in this behalf is such as to necessarily require a reversal of the judgment.

Defendant asked leave to file a supplemental answer setting up bankruptcy proceedings instituted by him on August 12, 1908, resulting in a decree made by the district court of the United States for the southern district of California, on July 26, 1909, discharging him from all debts and claims made provable by law against his estate and existing on August 12, 1908. This covered all the debts embraced in this action so far as any personal liability on the part of defendant was concerned. The only answer to this application was a showing of the levy of an attachment on the vessel under the writ which was held defective in *Jensen* v. *Dorr,* 157 Cal. 437, [108 Pac. 320], and the trial court refused leave to file the supplemental answer. Nevertheless the court, in addition to judgment for the enforcement of the liens on the vessel, gave a personal judgment against the defendant for the full amount of the claims sued on. While plaintiff may have been entitled to enforce the liens on the vessel regardless of the bankruptcy proceedings, he was not entitled to a personal judgment against defendant in the face of such a decree, and in view of the nature of the judgment actually given, the refusal of the trial court to permit the filing of the supplemental answer was prejudicial error. It cannot be doubted that it is an abuse of discretion for a trial court to refuse leave to a defendant to set up by supplemental answer a bankruptcy discharge obtained subsequent to the commencement of the action, as a bar to any personal judgment, where proper application is made therefor within a reasonable time after obtaining such discharge.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.