NEW UNION LUMBER COMPANY *v.* GOOD ET AL.

[No. 12,035.   Filed February 20, 1925.]

1. BANKRUPTCY.—*Discharge of bankrupt does not discharge liens existing before bankruptcy proceedings.*—A discharge in bankruptcy does not discharge a lien created before the proceedings in bankruptcy.   p. 494.

2. BANKRUPTCY.—*Sale of property in bankruptcy proceeding does not divest mechanic's lien thereon.*—A mechanic's lien for material furnished and used in the repair of a building is not divested by subsequent bankruptcy proceedings against the owner, and hence is not divested by a sale of the building in the bankruptcy proceedings.   p. 494.

From Greene Circuit Court; *Thomas VanBuskirk,* Judge.

Action by the New Union Lumber Company against Lewis E. Good and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*D. W. McIntosh* and *E. W. McIntosh,* for appellant. *A. M. Beasley,* for appellees.

NICHOLS, J.—Action by appellant against appellees Good, who were husband and wife, and Brewer to collect an account for lumber furnished in the repair of a certain storeroom, and to foreclose a mechanic's lien securing the same. After issues which presented the questions hereinafter considered, there was a trial by the court which resulted in a finding and judgment against appellant, from which, after appellant's motion for a new trial was overruled, this appeal.

The facts, which are undisputed, are substantially as follows:

Appellee Edith Good was, during the time here involved, the owner of lots 7 and 8 in block 4 in Hubbard's First Addition to the city of Linton, Indiana. These lots were contiguous. There was a dwelling house on lot 8 in which appellees Good lived. Appellee Lewis Good owned the storeroom for the repair of which material was furnished, and moved it from another lot on to the east end of lot 7, and thereafter contracted with appellant for the material for the repair thereof, which was furnished by appellant, and which is the basis for the mechanic's lien in suit. At the time of this action, appellee Lewis Good was running his store in said storeroom.

On June 27, 1922, and within sixty days after the material was furnished, the mechanic's lien was filed. On August 3, 1922, appellant Lewis Good filed his petition in voluntary bankruptcy, and on August 24, 1922, filed his schedule in which he listed appellant's claim for material as a preferred claim. The above room was

sold in the bankruptcy proceeding to appellee Brewer, but there is no evidence of his further connection with the transaction. On September 19, 1923, Good was discharged as a bankrupt from all debts except such as are by law exempted from the operation of a discharge in bankruptcy.

The only error presented is the action of the court in overruling appellant's motion for a new trial, under which it is assigned that the decision of the court is contrary to law.

It is a well-established rule of law that a discharge in bankruptcy does not release a lien created before the proceedings in bankruptcy. *Truitt* v. *Truitt* (1871), 38 Ind. 16; *Pierce* v. *Wilcox* (1872), 40 Ind. 70; *Catterlin* v. *Armstrong* (1884), 101 Ind. 258; *Haggerty* v. *Byrne* (1881), 75 Ind. 499; *Holland* v. *Cunliff* (1902), 96 Mo. App. 67, 69 S. W. 737; *Jensen* v. *Dorr* (1911), 159 Cal. 742, 116 Pac. 553; Loveland, Bankruptcy (3d ed.) §285.

At the time the material was furnished, it is undisputed that the storeroom for which it was furnished was the property of appellee Lewis Good, though located on his wife's land. Section 8295 Burns' Supp. 1921, Acts 1921 p. 135, expressly provides for liens upon buildings for which material has been furnished. Clearly, under the undisputed evidence, appellant had a right to have his lien against the building foreclosed, though subsequent to the time it was acquired, the storeroom was sold in the bankruptcy proceedings to appellee Brewer. The lien having attached, the same was not divested by the sale. *Truitt* v. *Truitt, supra; Pierce* v. *Wilcox, supra; Catterlin* v. *Armstrong, supra; Haggerty* v. *Byrne, supra; Holland* v. *Cunliff, supra; Jenson* v. *Dorr, supra;* Loveland, Bankruptcy (3d ed.) §285.

From what we have said, it follows that the decision

of the trial court is contrary to law. The judgment is, therefore, reversed, with directions to the trial court to set aside its finding and judgment and, as there is no dispute as to the essential controlling facts of the case, the trial court is further directed to enter a finding herein for the appellant, and to render its decree foreclosing appellant's lien and ordering said building to be sold to satisfy the same, with right to remove the building within ninety days.