NOTE.—Reported in 218 N. E. 2d 154.

GRIFFIN ET UX. v. FRANKLIN FINANCE COMPANY, INC.

[No. 19,981.  Filed November 18, 1966.]

*Probst & Probst,* of Kendallville, for appellant.

*Emerick & Diggins* and *Stan Emerick,* of Kendallville, for appellee.

BIERLY, J.—This is an appeal by the appellants, (defendants below), from an adverse judgment rendered against them by the Steuben Circuit Court, Steuben County, Indiana.

The action was commenced by the Franklin Finance Company, Inc., against Russell Griffin and Phyllis Griffin, his wife. In the complaint, plaintiff demanded judgment against defendants on an unpaid installment note, and the foreclosure of a chattel mortgage executed to secure the payment of said note. Said note and chattel mortgage were executed by defendants.

Defendants filed an answer in three paragraphs as set forth in substance in their brief:

(1)    A Denial under the Supreme Court Rules;

(2)    In substance each of the defendants had been adjudged bankrupt by the U.S. Federal Court for the Northern District of Indiana, Fort Wayne Division, prior to the filing of this complaint by plaintiff, and as a result thereof any remedy possessed by plaintiff relative to its chattel mortgage obligation must be presented by way of Petition of Reclamation in the bankruptcy court, which had exclusive jurisdiction;

(3)    Set forth the issue that the bankruptcy court held exclusive jurisdiction over defendants, plaintiff, and all creditors; that all matters were adjudicated by the plaintiff and defendants, and that the description of the chattel mortgage was too vague and indefinite to constitute a cause of action. The plaintiff filed a reply according to the rules of the Supreme Court thereby closing the issues.

Trial was had, without the intervention of a jury, and the court found for the plaintiff in the sum of Six Hundred and Forty-three Dollars and Three Cents ($643.03); and, further found that said sum was secured by a chattel mortgage which is a lien on the goods described therein, and that the plaintiff is entitled to have said mortgage foreclosed and enforced against the defendants.

The appellee has not filed a brief; thus, we are without benefit of appellee's position in answering the appellants' brief. However, the appellants in their brief assign as error the overruling of their motion for a new trial. Contained within said motion are the following specifications:

"1. That the decision of said court is contrary to the evidence.

"2. The decision of said court is not sustained by sufficient evidence.

"3. That the decision of said court is contrary to law.

"4. That the court erred in overruling the Motion of the defendant to *supress* said subpoena, a motion to *supress* said subpoena is attached hereto and made a part hereof."

In the argument portion of their brief, the appellants contend that the bankruptcy court had complete and full jurisdiction of this property, and thus, appellee could not bring suit in a state court to enforce its lien.

It is our opinion that the contention of the appellants that the bankruptcy court had complete and full jurisdiction of the mortgaged property is not supported by law. The first paragraph of said mortgage is as follows:

"KNOW ALL MEN BY THESE PRESENTS: That the Mortgagors above named, for themselves, and their heirs, executors, administrators and assigns, to secure payment of the loan herein described, bargain, sell and convey and hereby have sold and conveyed to the above named Mortgagee, herein, with its successors and assigns, sometimes called Mortgagee, the goods and chattels hereinafter described, sometimes called mortgaged property, now located at the above residence address of Mortgagor."

From the date of said chattel mortgage until payment in full of the promissory note which the chattel mortgage secured, the property listed in said mortgage was subject to a lien. The goods and chattels listed in said mortgage, and subject to the mortgage lien are as follows:

One two-bottom 12-inch Allis Chalmers plow,
One Oliver two-row corn planter,
One 1950 AC Tractor,
One 1950 7-inch International disk and tandem,
One 1955 Philco electric range,
One 1953 International 9-foot electric refrigerator,
One 1954 Westinghouse electric washing machine.

Under Schedule A-2, Creditors Holding Securities, each of the appellants in the bankruptcy petition, filed in the federal court, listed the Franklin Finance Company, Inc., Kendallville, Indiana, as holding a note and a chattel mortgage securing the same in the sum of $450.00, as owing by the defendants.

In Schedule B-2, Personal Property, Dorsey R. Griffin listed under point J—Machinery, fixtures, apparatus, and tools used in business, with the place where each is situated, at a value of $10.00. Dorsey R. Griffin and Russell Griffin are one and the same person.

The bankruptcy court took no apparent action on the secured claim of the Franklin Finance Company, Inc., nor does it appear that appellee pressed for any determination of said claim in the federal court at the time of the hearing on the bankruptcy petitions filed by appellants.

In the case of *New Union Lumber Co.* v. *Good* (1925), 82 Ind. App. 492, 146 N. E. 584, this court stated:

"It is a well-established rule of law that a discharge in bankruptcy does not release a lien created before the proceedings in bankruptcy. *Truitt* v. *Truitt* (1871), 38 Ind. 16; *Pierce* v. *Wilcox* (1872), 40 Ind. 70; *Cotterlin* v. *Armstrong* (1884), 101 Ind. 258; *Haggerty* v. *Byrne* (1881), 75 Ind. 499; *Holland* v. *Cunliff* (1902), 96 Mo. App. 67, 69 S. W. 737; *Jensen* v. *Dorr* (1911), 159 Cal. 742, 116 Pac. 553; Loveland, Bankruptcy (3d ed.) § 285."

The appellant contends that the state court is without jurisdiction to foreclose upon the mortgage. In opposition and answer to this contention, we cite Corpus Juris Secundum, Vol. 8A, at Page 372, Bankruptcy § 265 (3) wherein it is stated:

"Since the trustee takes title only to the bankrupt's equity, and under the provisions of the Bankruptcy Act § 67(d), 11 U.S.C.A. § 107(d), a valid pre-existing lien, not inhibited by its provisions, is not affected by the Act, a mortgagee, unless restrained by an order of the bankruptcy court in

the protection of the bankrupt's equity in the property or otherwise, may maintain foreclosure proceedings in a state court, even after the filing of a petition in bankruptcy, especially where the trustee has abandoned the property with the approval of the bankruptcy court and the mortgagee is the only creditor; and the state court's jurisdiction to proceed is not affected by the fact that the title of a junior lienor, who was made a party to the foreclosure suit, arose out of an assignment of the bankrupt.

". . . .

"A mortgagee, who merely files his secured claim in bankruptcy, but does not have his right to foreclose the mortgage adjudicated in the federal court, which acquires no jurisdiction of the lien, is not thereby barred from suing to foreclose in the state court; nor is he estopped by such failure to sue in the state court."

In light of above citation, we cannot agree with appellants' contentions in this respect.

The record fails to disclose what disposition was made of the claim of the appellee in the bankruptcy proceedings; whether or not it was allowed; whether or not it was paid; whether or not the security was liquidated or sold. In the absence of proof, it must be assumed that the claim was not passed upon; that it was not paid; and that the security was not sold.

Appellants' second contention of error as presented by their brief is that the trial court had no right to subject the appellant, Dorsey R. Griffin (or Russell Griffin), to questioning, or to answering a subpoena to appear in a hearing on this cause, which was issued after the appellee's evidence in chief had already been presented.

The only authority cited by the appellants in support of this contention is set out as follows from their brief:

"Burns' 2-2512, 1946 Replacement provides:
"It shall not be necessary in any action upon a mortgage or lien to give time for the payment of money, or for doing any other act, but final judgment may, in such cases, be given in the first instance.
"Burns' 2-2513, 1946 Replacement provides:

"In the foreclosure of a mortgage, the sale of the mortgaged property shall in all cases be ordered."

James E. Van Camp, an employee of Franklin Finance Company, Inc., testified that plaintiffs' Exhibit No. 2, was a ledger card of Russell Griffin and Phyllis Griffin, Account No. 432, and that the said card is a statement of record kept on an IBM duplicate at the home office, but the originals are retained in the local office. This card set out the following information under the sub-heading of Appraisal Description, as follows:

"400. & 200 F& Misc. (Stove, Ref & Washer)"

The said Van Camp testified on re-direct examination that the appraisal of $400.00 was the value of farm machinery listed on the chattel mortgage at the time the promissory note was executed; that the $200.00 was the appraisal of miscellaneous items also listed on said chattel mortgage.

Mr. Van Camp, in answer to the question:

"And that was the judgment of the plaintiff concerning the value of this security at the time the loan was made."

answered:

"That is correct."

Since the records show that the date of the chattel mortgage and the note executed by defendants was November 12, 1960, and the date of the debtors' petitions in bankruptcy was executed May 22, 1961, it appears inconceivable that the value of the machinery would depreciate from the appraisal of $400.00 to $10.00, the amount listed by the debtors, unless the appraisal of Dorsey R. Griffin did not include the mortgaged machinery as property to be included among his assets.

Appellants then argue that it was only incumbent upon appellee to prove the execution of the note and mortgage, and the amount remaining due upon the note secured by the mort-

gage lien; that this proof was sufficient to enable the court to render judgment, and prove in an order of foreclosure, a complete list and description of the property described in the mortgage.

Appellants further argued that it was the duty of the sheriff to execute the order of sale, and duly make his return thereon; and that § 2-4401, authorized proceedings such as the issuance of a subpoena for the appellant, Russell Griffin, to appear and answer concerning his property and its whereabouts.

It appears that the statement of appellants to the effect that a subpoena for appellant, Dorsey R. Griffin, to appear at a hearing in said cause after the evidence in chief by the appellee had been presented to the court, is without merit and at variance with the record. James E. Van Camp testified on cross-examination, as follows:

"Q. Did you file a proof of claim in both Russell and Mrs. Griffin?

"A. Yes.

"Q. Do you have both of those proof of claims?

"A. I have copies and certified copies by the court.

"MR. PROBST: That's all.

"MR. EMERICK: That's all. The plaintiff now rests subject to introducing the testimony of one witness tomorrow morning."

Following the testimony for the defendants in the transcript at Page 60, Line 5, we find this sentence:

"MR. PROBST: That's all. Defendants rest."

"The Plaintiff having rested subject to calling another witness to the witness stand, this cause was submitted for further evidence on the 5th day of October, 1962, and the following proceedings were had:

"MR. EMERICK: I would like to call Russell Griffin to the witness stand.

"MR. PROBST: Object to Russell Griffin being called for the reason he was not called by the defendant. He is not

here of his own free will; he is only here by a subpoena to which there is no return on. I don't feel he is validly in court.

"THE COURT: Overruled."

In light of the above statement, plaintiff rested subject to calling another witness, and therefore it appears to us that plaintiff had not closed his evidence in chief. Appellants thereafter cross-examined said witness, Russell Griffin, following the direct examination by appellee.

We are of the opinion that the trial court acquired jurisdiction of this cause of action.

We are of the opinion that the trial court did not err in overruling appellants' motion to quash, vacate and set aside a certain subpoena served upon the defendant, Dorsey R. Griffin (Russell Griffin) to appear and testify as a witness for appellee.

We further are of the opinion that the trial court did not err in overruling appellants' motion for a new trial, and that the judgment should be affirmed.

Judgment Affirmed.

Smith, C.J., and Mote, J., concur.

Hunter, J., concurs in result only.

NOTE.—Reported in 221 N. E. 2d 362.