---

THE EDNA.

(District Court. S. D. Alabama, S. D.    January 3, 1911.)

No. 1,272.

1. MARITIME LIENS (§ 17*)—FEDERAL STATUTE—CONSTRUCTION.
    Act June 23. 1910, c. 373, 36 Stat. 604, relating to maritime liens, and superseding state statutes on the subject, is not retrospective, and does not affect liens which accrued under a state statute prior to its approval.
    [Ed. Note.—For other cases, see Maritime Liens, Dec. Dig. § 17.*]

2. MARITIME LIENS (§ 49*)—STATE STATUTE—LIMITATION OF TIME FOR BRINGING SUIT.
    Under Code Ala. 1907, §§ 4791, 4792, giving a lien on domestic vessels for work done thereon or supplies furnished, but providing that proceedings for the enforcement of the lien must be commenced within six months after the demand becomes due, the time within which suit must be brought is of the essence of the right to a lien, which is lost if the limitation is disregarded.
    [Ed. Note.—For other cases, see Maritime Liens, Dec. Dig. § 49.*
    Creation of maritime lien by state laws, see note to The Electron, 21 C. C. A. 21.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

In Admiralty. Suit by the Mobile Coal Company and others against the tug Edna. On exceptions by libelant and intervening petitioners to report of the commissioner on their respective claims. Exceptions overruled.

Brooks & Stoutz, for Mobile Coal Company.
Inge & McCorvey, for R. Mellett & Co.
Pillans, Hanaw & Pillans, for intervener Mary A. Walsh.

TOULMIN, District Judge. The claims of the Mobile Coal Company and of R. Mellett & Co. are for supplies alleged to have been furnished the tug Edna at Mobile, the home port of the vessel, and the home of her owners. Said claims are asserted as liens on said vessel under the statute of this state.

The claim of the Mobile Coal Company is for $794.25, and the commissioner allows $562.25 of it, disallowing $231.30, which he finds to have been due for coal furnished more than six months before proceedings to enforce the lien claimed were commenced. To the disallowance by the commissioner of said $231.30 the coal company by its counsel excepts. He contends that the act of Congress passed on June 23, 1910 (36 Stat. 604, c. 373), leaves the enforcement of the lien created by the state statute and the question of limitation on the same to be governed by the general admiralty law. I do not agree with this contention of the learned counsel. My opinion is that the act of June 23, 1910, has no effect on, or application to, this claim, but that the limitation contained in the state statute applies to the enforcement of the lien here sought.

The act of June 23, 1910, is, by its terms, prospective in its operation. It provides that the act "shall not be construed to affect the rules of law now existing * * * in regard to laches in the enforcement of liens on vessels or in regard to priority or rank of liens." Such, however, would be its construction in the absence of said provision, tested by the general rules for construing statutes. United States v. Atchison, T. & S. F. R. Co. (C. C.) 142 Fed. 177; United States v. Jackson, 143 Fed. 783, 75 C. C. A. 41; United States v. Colorado & N. W. R. Co., 157 Fed. 321, 85 C. C. A. 27, 15 L. R. A. (N. S.) 167. There is nothing in the act to indicate or suggest that Congress intended to give a retrospective operation to it; but, on the contrary, it expressly provides that it shall supersede the provisions of all state statutes conferring liens on vessels, etc.—when it, of course, became a law by approval—on June 23, 1910.

In the case of The Harrisburg, in 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358, it is held that a statute creating a new legal liability, with a right to a suit for its enforcement, provided the suit is brought within the time limited by the statute, and not otherwise, the time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. The case of The Harrisburg, referred to, was a suit in rem brought to recover damages for the death of a person caused by the negligence of a steamer, etc., in a sound of the sea near the coast and in the state of Massachusetts. The steamer

belonged to the port of Philadelphia, Pa. The suit was brought there in the District Court of the United States. The statutes of Pennsylvania provided that an action may be maintained and recovery had for damages thus accruing, and that action shall be brought within one year after the death, and not thereafter. The court below gave judgment against the steamer, and, among others, for the following reason:

"The right of the libelant does not depend upon the statute law of either the states of Massachusetts or Pennsylvania, and the limitation of one year in these statutes does not bar this proceeding."

"The statutes create a new legal liability, with the right to a suit for its enforcement, provided the suit is brought within 12 months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. No one will pretend that the suit in Pennsylvania, or the indictment in Massachusetts, could be maintained if brought or found after the expiration of the year, and it would seem to be clear that, if the admiralty adopts the statute as a rule of right to be administered within its own jurisdiction, it must take the right subject to the limitations which have been made a part of its existence. It matters not that no rights of innocent parties have attached during the delay. Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right." The Harrisburg, 119 U. S. 214, 7 Sup. Ct. 147, 30 L. Ed. 358.

The decision in Bear Lake Irrigation Co. v. Garland, 164 U. S. 1, 17 Sup. Ct. 7, 41 L. Ed. 327, cited by counsel, is not in conflict with the opinion in The Harrisburg Case. The case in 164 U. S. 1, 17 Sup. Ct. 7, 41 L. Ed. 327, involved the right of sale of property to obtain payment of money due. The remedy consisted in taking certain proceedings by which the sale was to be accomplished. Prior to the arrival of the time when one of the steps was to be taken there was an alteration of the statute by which the time to take that step might be enlarged. The court held that this was not an alteration of the right or of the remedy, nor did it in any way affect either; that the remedy itself remained untouched, or unaffected by such alteration. The case of Campbell v. Holt, 115 U. S. 620, 6 Sup. Ct. 209, 29 L. Ed. 483 (also cited), held that:

"The repeal of a statute of limitation of actions on personal debts does not, as applied to the debtor, deprive him of his property without due process of law."

Neither of these cases applies, in my opinion, to the case here. In the state statute time has been made of the essence of the right to a lien, and the right is lost if the time is disregarded. The right and the remedy are created by the same statute, and the limitation of the remedy is, therefore, to be treated as a limitation of the right. Such, as I understand it, is the ruling by the court in the Harrisburg Case, supra. The state statute declares—

"a lien on any ship, steamboat, or other water craft * * * that may be built, repaired, fitted, furnished or supplied within the state, for work done or supplies furnished by any person within this state in and about such building, repairing, furnishing, supplying, etc., in preference to other liens thereon for debts contracted by and owing from the owners thereof.

"Proceedings to enforce such lien must be commenced within six months after demand becomes due; and unless commenced within that time, the lien is lost."

Code Ala. 1907, §§ 4791, 4792.

Prior to the enactment of this statute there was no lien given by the general maritime law on a domestic vessel for supplies furnished her in her home port. This statute created a new legal liability giving such lien, with the limitation of six months within which it must be enforced. There has been no repeal or abrogation of that statute until the act of June 23, 1910, by express terms superseded it.

My opinion is that none of the exceptions to the report of the commissioner are well taken. They are overruled, and said report is in all things confirmed; and it is so ordered.