[Civ. No. 1420.   Second Appellate District.—January 15, 1914.]

## LAWRENCE JENSEN, Respondent, v. FRED DORR, Appellant.

VESSELS—LIEN AGAINST YACHT FOR CONSTRUCTION WORK—EXISTENCE INDEPENDENTLY OF ATTACHMENT.—A lien upon a yacht for services and materials furnished in its construction, by virtue of the chapter of the Code of Civil Procedure beginning with section 813, is complete and sufficient without the attachment therein provided for. The lien is prior to and exists independently of any attachment.

ID.—CODE PROVISION FOR LIEN—LIBERAL CONSTRUCTION.—The code provision for such lien is not to be strictly but liberally construed, in view of the requirement of section 4 of the Code of Civil Procedure, that "its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice."

ID.—TIME LIMIT OF LIEN—COMMENCEMENT OF ACTION WITHIN YEAR.—The commencement of an action to enforce such lien, in the form provided by sections 814 to 817 of the Code of Civil Procedure, within a year from the time the cause of action accrued, gives the court jurisdiction which cannot be lost merely because the necessary or unnecessary delays of litigation may postpone the entry of judgment until after the expiration of the year; section 813 of the Code of Civil Procedure providing that "such liens only continue in force for the period of one year from the time the cause of action accrued."

ID.—FORM OF ACTION—PROCEEDINGS QUASI IN REM.—When such action is commenced in the form of a personal action against the owner, as well as for the enforcement of the lien, the proceeding is not *in rem,* but *quasi in rem.*

ID.—DISCHARGE OF DEFENDANT IN BANKRUPTCY—EFFECT ON LIEN.—The fact that prior to the trial of the action the defendant is discharged in bankruptcy, so that it becomes impossible to obtain a personal judgment against him, does not prevent the enforcement of the existing lien against the yacht.

APPEAL from a judgment of the Superior Court of San Diego County.   W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

Wilbur Bassett, for Appellant.

Patterson Sprigg, for Respondent.

CONREY, P. J.—In this action the plaintiff seeks to recover upon original and assigned claims for services and material furnished in this state, at the special instance and request of the defendant, for the yacht "Yankee Girl" in the construction of said yacht owned by the defendant. As security for said demands, the plaintiff claims the right to enforce a lien in and upon said yacht under and by virtue of section 813 et seq., of the Code of Civil Procedure: The action was commenced in the year 1907, which was within one year from the time each cause of action accrued. The superior court entered judgment in favor of the plaintiff (but not personally against the defendant) for a specified sum; determined that said yacht, her engines, etc., are liable for the payment of said sum, and ordered that said described property be sold by the sheriff in the manner provided by law in satisfaction of such judgment. The defendant appeals from the judgment.

On behalf of appellant it is claimed that the judgment is against law because the liens so asserted expired before the judgment was rendered. This requires a consideration of that chapter of the Code of Civil Procedure, beginning with section 813, declaring the liability of steamers, vessels, and boats for various kinds of services rendered and supplies furnished for their benefit, including work done and materials furnished in this state for their construction, repair or equipment. After declaring that demands for these several causes constitute liens upon such vessels, it is said that "such liens only continue in force for the period of one year from the time the cause of action accrued."

First, it should be noted that these claims arise in connection with the construction of a boat, and not for work done after its active use in navigation, and therefore none of the claims involved is of the class arising from maritime contracts. The action was commenced in the form of a personal action against the owner, as well as for the enforcement of these liens. He was personally served with summons and appeared in the action. The suit is not a proceeding *in rem.* It is not against the thing as defendant and the judgment is not that the thing is indebted. Under section 817 et seq., the plaintiff is entitled to certain attachment proceedings ancillary to the enforcement of his lien, but such attachment

proceedings are not essential to the prosecution of the action. It is conceded by counsel for both parties that the lien is prior to and exists independently of any attachment. "The attachment under section 817 presupposes the existence of a lien." (*Jensen* v. *Dorr,* 157 Cal. 437, [108 Pac. 320].) In the case at bar it will be assumed that there has been no attachment, inasmuch as the only attempt in that direction was so made that it was held to be void and was dismissed.

In the ordinary course of proceeding judgment would have been rendered herein against defendant Dorr personally, and in other respects the judgment would have been as now rendered. During the pendency of this action, however, the defendant was adjudged a bankrupt and prior to the trial herein duly received his discharge in bankruptcy. Such discharge having been pleaded and proved, the court was unable to render a personal judgment. Appellant's contention seems to be that, since the action is not a proceeding *in rem,* and since under the circumstances last above noted there could be no personal judgment, therefore, the entire action fails; and especially he insists that this must be so in view of the fact that no attachment levy was made prior to the expiration of the year of the lien as prescribed by section 813.

Since the attachment in this particular kind of case does not create or extend the lien, but the lien is complete and sufficient prior to the attachment, we think that the argument based upon the absence of an attachment must fail. Neither do we agree that the code provision concerning this lien must be strictly construed. It is a part of the Code of Civil Procedure and is to be construed in view of the requirement stated in section 4 thereof, that "its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice." So construed, it is reasonable to say that the commencement of an action in the form provided by section 813 et seq., during said period of one year for the purpose of enforcing such lien, gives the court a jurisdiction which cannot be lost merely because the necessary or unnecessary delays of litigation may postpone the entry of judgment until after the expiration of said period.

The fact that by reason of defendant's discharge in bankruptcy it became impossible to obtain a personal judgment

against him, furnishes no valid reason for claiming that an existing lien of this character cannot be enforced against the specific property covered thereby. The condition is analogous to that which exists where a lien has been placed by attachment against property of a nonresident debtor, against whom personal service cannot be had, and where the jurisdictional steps are confined to the publication of summons. In such case, although the judgment rendered has no force as a personal judgment, it furnishes a legal basis for satisfaction of the demand out of the attached property. In that class of cases, as well as in actions like the present, the proceedings are said to be *quasi in rem.* (*Olsen* v. *Birch & Co.,* 133 Cal. 479, 483, [85 Am. St. Rep. 215, 65 Pac. 1032].)

Appellant's counsel points out that the lien claimed here is a secret lien and insists that we are here concerned, not only with the rights of plaintiff and defendant, but with the rights of third parties, such as purchasers, encumbrancers, or other lien claimants, who may be precluded by some admission, estoppel, or fiction of consent running against this defendant. There is nothing in the record here to show that anybody is concerned as to the validity of this judgment other than the plaintiff and defendant. The defendant has had his day in court and has been protected against any personal judgment. If the proceedings herein are not sufficient to give title against all the world in favor of a purchaser at the execution sale, and if perchance the effect of such sale would be to pass nothing more than the title of the defendant, with or without being subject to other liens, that is a matter which need not concern the defendant, since at least the lien is good against him.

It is also claimed that the findings are not supported by the evidence, and especially that some of the allegations of assignment of claims to the plaintiff were not proved. We have examined the record and are satisfied that there is sufficient evidence of the assignments and of the authority to make those assignments as to all of the claims included in the judgment. The claims set forth in the fourth, twelfth, fifteenth, sixteenth, seventeenth, and nineteenth counts of the complaint are not included in the judgment. The amount of the judgment shows that it is the sum of the other claims, with

legal interest thereon from the time of completion of the yacht to the date of entry of the judgment.

The judgment is affirmed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 11, 1914, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 16, 1914.