[Civ. No. 1560.    Third Appellate District.—June 28, 1917.]

THEODORE J. STEPHENS et al., Copartners, etc., Respondents, v. WEYL-ZUCKERMAN & COMPANY (a Corporation), Appellant.

VESSELS — LIEN FOR REPAIRS — JURISDICTION. — The superior court is without jurisdiction of the proceeding to enforce the lien given by section 813 of the Code of Civil Procedure for repairs on vessels, as to vessels in maritime use, since the act of Congress of June 23, 1910, giving a maritime lien on vessels for repairs enforceable by a proceeding *in rem*, and providing that the act shall supersede all state statutes conferring liens on vessels in so far as they purport to create rights of action to be enforced by proceedings *in rem* against vessels for repairs, has taken from the state courts all jurisdiction of such proceedings as to repairs of such vessels.

APPEAL from a judgment of the Superior Court of San Joaquin County.    C. W. Norton, Judge.

The facts are stated in the opinion of the court.

David L. Levy, and Campbell, Weaver, Shelton & Levy, for Appellant.

Daniel V. Marceau, for Respondents.

HART, J.—The complaint is in three counts, it being alleged in each that the defendant requested the plaintiffs to furnish certain materials and perform certain work upon a certain gasoline launch belonging to the defendant, and "plying the waters of the San Joaquin River and the tributaries thereof." It is alleged that the plaintiffs furnished the materials for and performed the work upon said launch as so requested, that the aggregate value of the same is the sum of $296.94, and that, although often requested to do so, the defendant has failed and refused, and still fails and refuses, to pay the plaintiffs the said sum of money. A lien, purporting to be that authorized by section 813 of the Code of Civil Procedure, is expressly claimed, the prayer of the complaint being in accordance with the allegation asserting the right of lien and is as follows: "Wherefore, plaintiffs pray that judgment be given in their favor, against said defendant, for the sum of two hundred ninety-six and 94/100 dollars ($296.94), together with costs of suit incurred herein, and that in due course plaintiffs may have said launch, 'Weyl-Zuckerman Co.,' commonly known as 'Old Boat,' together with its tackle, apparel and furniture, attached, to satisfy said demand; that said sums and costs be adjudged a first lien upon said launch, and for such other relief as may be meet and proper in the premises."

The answer denied generally the allegations of the complaint and, for a separate defense, and by way of cross-complaint, alleged that the labor and materials set forth in the second count of the complaint were performed and furnished, if at all, upon a boat theretofore constructed by plaintiffs for defendant under a written guaranty for one year; that within a year said boat developed faults due to plaintiffs' defective materials and workmanship; and that said materials and labor were furnished and performed without agreement or expectation of further compensation. There is also a separate defense to the third alleged cause of action to the effect that the labor and materials therein mentioned were defec-

tive and that, to remedy such defects, defendant was compelled to pay the sum of $15.40.

The court found in favor of plaintiff on each cause of action set up in the complaint; and found in favor of defendant in the sum of $15.40 on its cross-complaint. It was decreed that plaintiffs have a lien upon the launch in question, and that the sheriff sell the same and apply the proceeds to the payment of plaintiffs'. judgment, entered for $202.84.

The appeal is by defendant from said judgment.

As grounds for reversal appellant contends: 1. There is no evidence to justify the finding of the court in so far as are concerned the first and second counts of the complaint; 2. The court had no jurisdiction of the subject matter of the action and the judgment and proceedings upon which it is based are void.

The jurisdiction of the court is for the first time challenged on this appeal, and it is now objected that the right to raise that question was waived by failure to raise it in the court below. The specific contention of the defendant upon the question of jurisdiction is that the lien claimed by the plaintiff is maritime in its nature, and, therefore, one of which the federal courts, sitting in admiralty, have sole and exclusive jurisdiction by virtue of the provisions of an act of Congress, approved by the President, on June 23, 1910, [36 Stats. 604, Fed. Stats. Ann. (1912) p. 352, U. S. Comp. Stats. 1916, secs. 7783–7787], and entitled, "An Act Relating to Liens on Vessels for Repairs, Supplies, or other Necessaries," providing, among other things, that "this act shall supersede the provisions of all state statutes conferring liens on vessels in so far as the same purport to create a right of action to be enforced by proceedings *in rem* against vessels for repairs, supplies, and other necessaries." Of course, if this contention be sound, the mere failure to object in the court below to its jurisdiction in this action could not have the effect of conferring jurisdiction of the action upon that court. Jurisdiction definitely prescribed to certain courts to the exclusion of all other courts cannot be conferred upon the latter by the consent or agreement of the parties, and in such case, manifestly, an estoppel cannot be set up as against the right of the defendant to raise that question at any time.

It is, of course, an obvious proposition that, unless a party is entitled to invoke some equitable or other permissible

remedy for the judicial enforcement of a money demand, arising on contract, under the sum of three hundred dollars, the superior court is wholly without jurisdiction to entertain an action for recovery upon such demand. (Const., art VI, sec. 5.) In the present case, therefore, the plaintiffs have plainly sued in the wrong forum unless, for the enforcement of their demand, they are entitled to invoke the lien provided by section 813 of the Code of Civil Procedure.

So much of said section 813 as is pertinent to the inquiry here reads as follows: ''All steamers, vessels, and boats are liable; . . . 3. For work done or materials furnished in this state for their construction, repair, or equipment.''

It is the contention of the defendant, as we have shown, that the effect of the act of Congress above referred to was to take from the state courts and exclusively vest in the United States courts jurisdiction to enforce liens for the satisfaction of demands growing out of contracts for the performance of labor and the furnishing of materials in the repair of steamers, vessels, and boats plying navigable waters.

The text of said act of Congress is as follows:

''Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That any person furnishing repairs, supplies, or other necessaries, including the use of dry dock or marine railway, to a vessel, whether foreign or domestic, upon the order of the owner or owners of such vessel, or of a person by him or them authorized, shall have a maritime lien on the vessel which may be enforced by a proceeding in rem, and it shall not be necessary to allege or prove that credit was given to the vessel.

''Sec. 2. That the following persons shall be presumed to have authority from the owner or owners to procure repairs, supplies, and other necessaries for the vessel: The managing owner, ship's husband, master, or any person to whom the management of the vessel at the port of supply is intrusted. No person tortiously or unlawfully in possession or charge of a vessel shall have authority to bind the vessel.

''Sec. 3. That the officers and agents of a vessel specified in section two shall be taken to include such officers and agents when appointed by a charterer, or by an owner *pro hac vice,* or by an agreed purchaser in possession of the vessel, but nothing in this Act shall be construed to confer a lien when the furnisher knew, or by the exercise of reasonable

diligence could have ascertained, that because of the terms of a charter party, agreement for sale of the vessel, or for any other reason, the person ordering the repairs, supplies, or other necessaries was without authority to bind the vessel therefor.

"Sec. 4.  That nothing in this Act shall be construed to prevent a furnisher of repairs, supplies, or other necessaries from waiving his right to a lien at any time, by agreement or otherwise, and this Act shall not be construed to affect the rules of law now existing, either in regard to the right to proceed against a vessel for advances, or in regard to laches in the enforcement of liens on vessels, or in regard to the priority or rank of liens, or in regard to the right to proceed *in personam.*

"Sec. 5.  That this Act shall supersede the provisions of all state statutes conferring liens on vessels in so far as the same purport to create rights of action to be enforced by proceedings *in rem* against vessels for repairs, supplies, and other necessaries."

It is needless to suggest that, while the intention in the enactment of the above act was to vest in the federal courts, in the exercise of their admiralty powers, exclusive jurisdiction of maritime liens, enforceable by proceedings *in rem,* it was not thereby intended as an obstacle to the maintenance of suits in state courts against the owners of vessels for repairs thereof and the attachment of such vessels as a means of enforcing judgments obtained in such suits.

The important question, then, which arises in this case is whether a proceeding for the enforcement of the lien provided by section 813 of the Code of Civil Procedure is one *in rem* or against the vessel itself.

To our minds, it is very clear that the proceeding authorized by section 813 is strictly one *in rem.*  In legal effect, it is analogous to a libel in admiralty, and its object and purpose precisely the same.  It necessarily involves an action against the *rem* or property itself and the selling of that *rem* to satisfy the debt sued for.  The property itself is, in other words, made liable for the debt.

It is claimed by the plaintiffs, however, that the action here is strictly *in personam,* since it is the owner of the launch and not the launch itself who is proceeded against, and that the effect to the lien claimed is nothing more than that of an

attachment or an execution upon the judgment.  It is true that the action is, *eo nomine,* directly against the owner only and is not so against the launch itself.  But the plaintiffs have not invoked the ancillary law remedies of attachment and execution to enforce their judgment.  As shown, they claim the right to have their demand satisfied through a lien attaching to the vessel by operation of law—that is, the lien purporting to be created by the provisions of the code section above named, and in doing so they necessarily proceed against the vessel itself, and thus, as suggested, the questions arise: Is not the action one *in rem* as well as one *in personam,* or; as some of the adjudicated cases characterize such a proceeding, is it not *quasi in rem?*  And (2), if so, in view of the provisions of the above act of Congress, is it within the jurisdiction of the state courts, in a case for recovery upon a demand for labor performed and materials furnished in the repair of a vessel or steamer or boat, to enforce satisfaction of such demand through a remedy necessarily the product of a proceeding *in rem* against the vessel?  In other words, have the state courts the jurisdiction to enforce the lien invoked in this case, or has the jurisdiction thus attempted to be conferred upon those tribunals been divested by the act of Congress in question and by said act vested exclusively in the United States courts, sitting in admiralty?

The language of the fifth section of said act would seem to lend support to no other conclusion than that the intention of the Congress was, by that act, to establish a general system, to operate uniformly throughout the nation, for the enforcement of liens by proceedings *in rem* against vessels for "repairs, supplies, and other necessaries," and that under the system so established the federal courts, in the exercise of their powers in admiralty, were to be and are thus clothed with sole and exclusive jurisdiction of such proceedings.  And that this is the correct view of the act, and that its effect is to take from the state courts all jurisdiction of such proceedings, is abundantly established by the cases.  (See *The Ha-Ha,* 195 Fed. 1013; *The Edna,* 185 Fed. 206, 207, 209; *The Saratoga,* 204 Fed. 952, [123 C. C. A. 274]; *New York Co.* v. *Bermuda-Atlantic Co.,* 211 Fed. 989, 997; *The Towando,* 215 Fed. 232, 234; *The Edith,* 217 Fed. 300, 301; *The Geisha,* 200 Fed. 865; *The Eashy,* 201 Fed. 585.)

In an elaborate and able review of said act, in which, among other things, he construes the effect thereof upon state statutes giving liens for labor and materials performed and furnished in the repair of vessels, Fitz-Henry Smith, Jr., in 24 Harvard Law Review, 182, 187, 188, has this to say: "It will at once be observed that, generally speaking, the act does three things: (1) It does away with the artificial distinction between foreign and domestic vessels in the matter of liens for necessaries; (2) removes the presumption of credit to the owner; and (3) supersedes the state statutes in so far as they confer liens for supplies, repairs, and other necessaries."

The cases above cited likewise construe the act.

It hence follows that the state superior court is wholly without jurisdiction to enforce the lien purporting to be authorized in a case of this character by section 813 of the Code of Civil Procedure.

In this case, although the action, so far as its title is concerned, is directly against the owner of the launch only, yet the plaintiffs have in their complaint gone further and proceeded *in rem* or against the *res* or launch itself as effectually as though they had done so directly, or *eo nomine,* by alleging their right to the lien provided by section 813 of the Code of Civil Procedure, and praying for the sale of the launch under the foreclosure of the lien for the satisfaction of the debt sued for. Call the action what we may—*quasi in rem,* if that be the proper designation of an action in which both the person and the *rem* itself are proceeded against—it cannot be denied that, since by such action it is sought to make the property or thing itself liable for the debt growing out of a contract for the repair thereof, the action involves a proceeding *in rem* in the sense and to the extent that jurisdiction to enforce the lien is, under the terms of the federal statute in question, entirely and solely in the federal courts of admiralty.

The cases relied upon by the plaintiffs in support of their asserted right to the benefit of a lien under the section of the code named, viz.: *Olsen* v. *Birch,* 133 Cal. 479, 483, [85 Am. St. Rep. 215, 65 Pac. 1032], and *Jensen* v. *Dorr,* 23 Cal. App. 702, [139 Pac. 659], are not pertinent to the situation presented by this appeal. Both those cases were where the liens were claimed for labor and materials performed and furnished in the construction of vessels and before the latter had been put in commission or to a maritime use. An obvious distinc-

tion exists between those cases where liens are sought to be enforced for the satisfaction of debts arising from the construction of vessels and prior to the launching of and putting them to use for navigation purposes and those cases in which the debts are created for repairs of vessels already in maritime use. To the former class, the act of Congress in question does not apply for the reason that, as the above statement of the distinction implies, the labor and materials used in the construction of a vessel are performed and furnished before the vessel becomes impressed with a maritime character. (See *Perkins* v. *The Golden Girl,* 185 Mich. 200, [151 N. W. 660] ; *Olsen* v. *Birch,* 133 Cal. 479, [85 Am. St. Rep. 215, 65 Pac. 1032] ; *Jensen* v. *Dorr,* 23 Cal. App. 701, [139 Pac. 659).]

But the plaintiffs further argue: "If, as is claimed by appellant, the act of Congress 'supersedes the provisions of all state statutes conferring liens on vessels, in so far as the same purport to create a right of action to be enforced by proceedings *in rem* against vessels for repairs, supplies, and other necessaries,' it would at most only deprive plaintiffs of their right to have the vessel sold in satisfaction of said judgment, and would in no wise affect the personal judgment against defendant, or the right of plaintiffs to satisfy the judgment out of other property belonging to defendant."

But the obvious reply to this proposition is that, the demand sued for being less than that for which the superior court has jurisdiction, the judgment of said court in favor of the plaintiffs for the amount of said demand is *coram non judice* and void, unless the plaintiffs, to secure satisfaction of their demand, may legally claim and invoke the lien purporting to be authorized by section 813 of the Code of Civil Procedure.

Since it is our conclusion that the superior court is without jurisdiction to entertain this action, it is obviously unnecessary to consider the question whether the evidence supports the findings.

The judgment is reversed.

Chipman, P. J., and Burnett, J., concurred.