[Civ. No. 2616.  Second Appellate District, Division One.—March 17, 1919.]

## LAWRENCE JENSEN, Respondent, v. CARROL ALLEN et al., Appellants.

[1] BOND—APPEAL—CONSTRUCTION OF TERMS—DISCHARGE OF OBLIGA-TION.—Where, on appeal from a judgment in favor of the plaintiff in an action to enforce a lien for labor performed and materials furnished in the construction of a yacht which had been purchased by the defendants, the bond is definitely conditioned to remain in force until the appeal shall be determined by the supreme court, and provides that "should the supreme court reverse said judgment . . . then in that event this obligation to be void," the obligation of the bond is fully discharged when the supreme court reverses the judgment.

[2] ID.—IMPLIED AGREEMENT—BREACH.—Where, as in this case, there is an agreement necessarily implied that if the bond is given, the possession of the boat shall remain with the defendants, the plaintiff, by thereafter taking possession of the boat under a writ of attachment, breaches the condition on his part to be performed and the obligation of the bond comes to an end.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Sidney N. Reeve, Judge.  Reversed.

The facts are stated in the opinion of the court.

Wilbur Bassett and Allen & Weyl for Appellants.

Patterson Sprigg for Respondent.

JAMES, J.—Defendants appeal from a judgment entered in the trial court in favor of plaintiff. The action was to recover upon an undertaking or bond alleged to have been given to secure payment of any judgment which plaintiff might obtain in an action brought by him against one Dorr, which action was pending at the time of the execution of the undertaking. In the action referred to plaintiff sought to recover, on his own behalf and as assignee of other claimants, for labor and material furnished in the construction of the yacht ''Yankee Girl.'' The total amount there prayed for was about four thousand dollars. Judgment was asked to enforce the claim as a lien against the yacht. An answer

was filed, but the trial court, responsive to a motion made by the plaintiff in that behalf, held that no material issue was raised by reason of the denials contained in the answer, and entered judgment in favor of the plaintiff on the pleadings. Defendant Dorr appealed to the supreme court. In the meantime Dorr had been declared a bankrupt and a sale had been made of the "Yankee Girl" by the assignee in bankruptcy, the purchasers at the sale being one Sandoval and the International Fisheries Company. While the appeal in the case referred to was pending, the plaintiff brought an action against the purchasers of the yacht and Allen, the assignee in bankruptcy, in which action an injunction was asked for to restrain the defendants from removing the yacht from San Diego County, California, pending the determination of the case of *Jensen* v. *Dorr*, the demand in the prayer being that such injunction hold "until the *remittitur* in said case shall be returned to this honorable court." After the injunction order was made the bond in suit here was given. The bond recited first the substance of the matters concerned in the injunction suit; recited that upon issues joined by the amended complaint and answer a permanent injunction had been made restraining defendants "from removing or taking from the jurisdiction of said Superior Court, the vessel, 'Yankee Girl,' engine, boiler, tackle, apparel and furniture, now in the harbor of San Diego in said San Diego county, until the *remittitur* in the case of *Lawrence Jensen* v. *Fred Dorr*, No. 14,311, now pending in the Supreme Court of the state of California, should be returned to said Superior Court, and until the further order of said Superior Court"; and further provided: "Whereas, said International Fisheries Company and A. Sandoval desire the use of said vessel during said period, and did by their counsel move said Superior Court on the 23d day of May, 1910, to release said vessel upon the execution of a good and sufficient bond which they agreed to give, conditioned as hereinafter mentioned; and, whereas, the said Superior Court upon consent of counsel for Lawrence Jensen, granted said motion and fixed said bond at the sum of six thousand ($6,000.00) dollars; now the condition of this obligation is such that the said International Fisheries Company and A. Sandoval shall well and truly pay or cause to be paid to said Lawrence Jensen, or his assigns, all sums of money found to be a lien upon said vessel, 'Yankee Girl,'

under and by virtue of the final judgment and decree of said Supreme Court in said action of *Jensen* v. *Dorr,* number 14,311, and all damages and costs which may be awarded in said judgment, not exceeding the sum of six thousand ($6,000.00) dollars, in favor of said Jensen or his assigns, or will return said vessel in as good condition as it now is within the harbor of said city of San Diego, and within the jurisdiction of said Superior Court, to be there held subject to the orders of said court, within thirty days after notice of the decision and judgment of said Supreme Court in said action of *Jensen* v. *Dorr,* number 14,311, aforesaid. That should the Supreme Court reverse said judgment and hold that the same constitutes no lien on said vessel 'Yankee Girl,' or that no lien exists by virtue of said judgment, then and in that event this obligation to be void, otherwise to remain in full force, effect and virtue.'' The judgment in the appeal referred to was by the supreme court reversed as having been improperly made, because, as the supreme court held, the answer as filed by the defendant Dorr therein was sufficient to raise issues and place the plaintiff upon trial of his case. (See *Jensen* v. *Dorr,* 159 Cal. 742, [116 Pac. 553].) The case was returned to the superior court for trial, was there tried and judgment again entered for the plaintiff, determining that the indebtedness alleged by him existed and that he was entitled to enforce a lien therefor against the yacht. An appeal was taken from this judgment and the judgment was affirmed by this court. (*Jensen* v. *Dorr,* 23 Cal. App. 701, [139 Pac. 659].) Petition for rehearing in the supreme court was later denied. This action to recover upon the undertaking hereinbefore referred to was then commenced.

Defendants contend that the judgment should be reversed because, first, the obligation of the bond was fully discharged when the supreme court reversed the first judgment in the case reported in 159 California Reports, before cited. Second, assuming that the position just stated is not correctly taken, the defendants became released because the plaintiff, after the decision of the supreme court, took possession of the yacht under writ of attachment. The latter point is presented under the claim of error of the trial court in refusing to admit a stipulation and testimony showing that such attachment was in fact levied. [1] We think that the appellants are right as to both contentions. Referring to the first point made, our

opinion is that the obligation of the bond was definitely conditioned to remain in force only until the appeal pending at the time the bond was executed should be determined by the supreme court and that, as the bond recites, "should the supreme court reverse said judgment and hold that the same constitutes no lien on said vessel 'Yankee Girl,' or that no lien exists by virtue of said judgment, then and in that event this obligation to be void." The obligation was not to answer for the payment of any judgment that might be rendered in the case upon a retrial. We think that this construction is plainly to be drawn from the terms of the undertaking and that it is indicated by the express language used. When the supreme court reversed the judgment on the first appeal there was no obligation left for the bond sureties to respond to. Assuming that they were required, after that judgment was rendered on that appeal, to tender the boat in the harbor of San Diego, the record shows that they offered to prove at the trial that they served written notice upon plaintiff's attorney making such tender, but the trial court refused to allow the testimony to be given. We think that no such notice was required to be given. If such was a prerequisite to the discharge of the obligation, then the court committed error in refusing to allow the proof to be made. If we are correct in thus construing the obligations imposed upon the makers of the bond, the appeal is effectually disposed of, for the second point made assumes that the obligation continued until a final judgment was rendered in the case of *Jensen* v. *Dorr* on appeal after the trial in the superior court. Defendants offered to prove that, about two months after the decision of the supreme court in *Jensen* v. *Dorr,* a writ of attachment was issued in that case and levied upon the yacht at the instance of the plaintiff. Counsel for the plaintiff stipulated that such was the fact, but objected to the offer on general grounds, which objection was sustained. Assuming that the bond was in force at the time this attachment was levied, we think that the act of the plaintiff in taking possession of the boat under attachment was an act inconsistent with the terms of the undertaking and of such a nature as to result in the discharge of the obligation of the bond. This bond was given after the permanent injunction had been made and was one which was wholly without the authority of the trial judge to require, and amounted in effect only to a contract made

out of court upon the execution of which the plaintiff in the injunction suit agreed that the defendants might be relieved from the effect of the injunction. There was no appeal in the injunction case; hence the bond was in no wise a bond to stay the execution of the writ. **[2]** Upon the part of the plaintiff Jensen there was an agreement necessarily implied that if the bond were given, the possession of the boat should remain with the defendants in the injunction suit. By causing the attachment to be levied and by taking possession of the boat under such writ, the plaintiff Jensen breached the condition on his part to be performed and the obligation of the bond became at an end. Assuming, then, that the obligation of the bond was a continuing one and was for the purpose of securing any final judgment that might be rendered in *Jensen* v. *Dorr,* we think that the trial judge was plainly in error in refusing to allow the defendants to show that plaintiff effectually waived any benefits he might have had under that instrument, by proceeding to have the boat attached.

There are some other points made by the defendants as to alleged errors committed by the trial judge, but as the points discussed appear to be finally determinative of this appeal and of this action, we think it unnecessary to give particular attention to that argument.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 16, 1919.