[Civ. No. 3610. Fourth Dist. Aug. 23, 1946.]

WILLIAM B. CROFTON et al., Respondents, v. JIM PAPPAS et al., Defendants; J. P. MARTIKAS, Appellant.

Ruel Liggett for Appellant.

Harrison G. Sloane for Respondents.

BARNARD, P. J.—This is an action to recover the reasonable value of certain repairs, materials and supplies. The complaint alleged that the defendants Pappas and Martikas were the owners of the fishing boat *Tom Boy*, and that they had purchased from plaintiffs' assignor supplies and equipment therefor of the reasonable value of $297.92, for which they had refused to pay. A second count covered repairs and equipment for this boat, worth $2,491.45, alleged to have been furnished by plaintiffs at the special instance and request of Pappas and Martikas. The prayer was for judgment against these defendants "and against said fishing vessel TOM BOY" for these sums, with costs.

No demurrer was filed and Pappas filed no answer. Martikas, in his answer, admitted that he is the record owner of this boat, but denied that he had ever purchased any supplies or equipment from plaintiffs' assignor, and denied any knowledge that any such goods were ever furnished for said vessel. With respect to the second count he denied that such repairs and equipment were of the reasonable value of $2,491.45, and alleged that the equipment was never properly installed. As a special defense to this count he alleged that it had been specifically agreed between the plaintiffs and himself and Pappas that the engine and other equipment would be properly installed and the boat put in first class condition, and that the cost thereof would not exceed $1,900; that the work was defectively done; and that no part of the amount claimed has been earned.

At the trial, it developed that Martikas owned the boat and that, under some arrangement between them, Pappas was operating it for fishing purposes. The plaintiffs then dismissed the action as against Pappas and also insofar as any proceeding against the boat itself was concerned. Martikas admitted that he had agreed to pay the plaintiffs for a new engine installed by them, but insisted that he had nothing to do with any other repairs, supplies or equipment ordered by Pappas for the boat. Prior to judgment Martikas moved to dissolve an attachment which had been levied on the boat, on the ground that the plaintiffs had another lien. After judgment, he moved to eliminate all costs connected with the attachment from the cost bill filed. Both of these motions were denied.

So far as material here the court found that supplies of the reasonable value of $297.92 had been furnished for this boat

by plaintiffs' assignor at the special instance and request of Martikas, acting through his agent Pappas; that the repairs and equipment involved in the second count had been furnished by the plaintiffs at the special instance and request of Martikas, acting through his agent Pappas; that all such work and material was furnished upon the implied contract of Martikas to pay the reasonable value thereof; that the reasonable value as found remained unpaid, after demand, to the extent of $2,491.45; that no agreement had been made that the cost of installing an engine and certain equipment should not exceed any specified amount; and that the work and materials so furnished were neither defective nor poorly installed. Judgment was entered against Martikas for $2,789.37, with costs. He has appealed from the judgment, from the order denying his motion to dissolve the attachment, and from the order denying his motion to eliminate all attachment costs.

The appellant first contends that this is an action in rem to foreclose a lien on this boat given by section 813 of the Code of Civil Procedure (all section references herein are to that code); that such a lien is maritime in nature and any foreclosure thereof must be in the federal courts; and that the complaint is insufficient to support a personal judgment against him. ██ It is well settled that a proceeding in rem against a vessel, treating the boat itself as the debtor and seizing it and impleading it as the defendant, is within the exclusive jurisdiction of the federal courts. (*Rounds* v. *Cloverport Foundry & M. Co.*, 237 U.S. 303 [35 S.Ct. 596, 59 L.Ed. 966].) As was pointed out in that case, however, actions which are not of that character but which are in fact personal actions may be maintained in the state courts, notwithstanding the fact that there may be a concurrent attachment which is levied upon a vessel.

██ The complaint here named two individuals as defendants, and nothing was said therein about a lien or any foreclosure of the same. While the prayer asked for a judgment also against the boat, there was no allegation which would justify such a prayer. While a cause of action in rem was not sufficiently alleged, the allegations are sufficient to set up a personal cause of action against the two named defendants, it being alleged that they purchased the supplies and equipment in question, and, in the other count, that the labor and materials were furnished at their special instance and request.

The surplusage, and any possible discrepancy, were eliminated, by dismissal, before judgment was entered.

 It is next contended that, except for the new engine installed, the evidence is not sufficient to support the findings to the effect that the labor, materials and supplies here in question were furnished at the request of the appellant, either himself or acting through his agent Pappas. It is argued that while the appellant owned the boat he was allowing Pappas to use it and operate it as a fishing vessel, that he was not sharing in the profits from the fishing, that he had nothing to do with the operation and use of the boat, and that there is no evidence of the existence of any sort of agency between Pappas and himself. While some of the appellant's testimony was to that effect other portions of his testimony, and considerable other evidence, point to and justify a different conclusion.

It appears from the evidence that about a month before these materials and supplies were furnished the appellant bought the boat at Newport, that he sent Pappas up to bring the boat to San Diego, and that Pappas ordered all the work and supplies in question, except the new engine which was ordered by Martikas. The appellant testified that Pappas "had been after me for a couple of years," that he furnished the boat to Pappas "more as a favor to help him out," and that he had no written agreement with Pappas to repay him. The respondent Crofton testified that when he was making these repairs prior to the installation of the new engine Pappas told him that Martikas owned the boat and would pay the bills; that he then talked to Martikas; that Martikas told him that he would pay any bills for the boat that were incurred by Pappas, but that large items like the charge for the engine should be talked over with him (Martikas); that if they were not large charges they need not be talked over with him; that Pappas told him that Martikas owned the boat and "I am fishing the boat"; and that after the new engine was installed Martikas called him up and complained that "the engine was not working right for his fisherman." Martikas testified that when he made the first payment on the new engine Crofton did not ask for more money; that "There was no other money for me to pay again. He advised us to take care of it out of the fishing"; that he knew just how many trips Pappas was making; that Pappas kept complaining to him that he was having trouble with the boat

and could not go out; and that when Pappas made a second payment on the account he told him (Martikas) that he had done so. In addition to this evidence it was stipulated at the trial that any material and supplies referred to in both causes of action as having been furnished to the vessel *Tom Boy* "were ordered for the vessel upon authorization of the owner, J. P. Martikas." It was further stipulated that this stipulation should not be construed as an admission that any particular amount was due, but that the question of value and price should be expressly reserved for determination by the court in accordance with the evidence. The findings in question are fully supported by this stipulation and by the evidence to which we have referred, with the reasonable inferences therefrom.

█ Finally, it is contended that the attachment proceeding herein was void and that the court erred in refusing to eliminate the attachment costs from the cost bill and judgment. It is argued that the respondent was not entitled to an attachment under section 817 because that is a part of the foreclosure proceedings provided for the lien given by section 813, which is foreclosable only in the federal courts, and because the attachment herein was not in the form required by sections 817 and 819. It is then argued that no valid attachment could have been issued in this case under sections 537 et seq., the form of which was here followed, because section 537 does not permit an attachment where the claim is secured by a lien upon personal property, which the respondent had by virtue of section 813.

The question thus presented has been more or less considered in several cases in this state. In *Graham* v. *Annis*, 28 Cal.App. 754 [153 P.2d 981], where the facts were quite similar to those here involved, the court said that for certain reasons which are there stated the lien provided for in section 813 is not "of such fixed and determinate character as to take from the plaintiff, in an action such as this, the right to a writ of attachment against the property of the defendant, whether or not the property attached be the vessel on which the repairs were made." It was there also said, with respect to this lien, that "unless fixed and determined by action brought, it is but a floating right; and we do not think the law relating to vessels is or was intended to be exclusive of all remedies afforded for the enforcement of payment for the labor performed or materials furnished in the building or

repair of such vessels. Plaintiff had a right of action independent of this special statute, and was not barred from availing himself of the general law relating to attachments on the assumption that the debt was 'secured by mortgage or lien upon real or personal property, or pledge of personal property.' '' This case was cited in *United States of Mexico* v. *Rask,* 118 Cal.App. 21 [4 P.2d 981], to the effect that the remedies given by section 813 et seq. are not exclusive of other remedies given by the statutes of this state. In *Porter* v. *Brooks,* 35 Cal. 199, in referring to the kind of lien which will defeat the right to an attachment, the court said: ''But it must be a lien of a fixed, determinate character, capable of being enforced with certainty, and depending on no conditions.'' In *Harbor Supply Co.* v. *Motor Boat Astorian,* 116 Cal.App. 563 [2 P.2d 1004], it is said: ''Actions *in personam* involving supplies furnished an ocean-going boat, with ancillary attachment proceedings upon the vessel may be brought in the state courts.'' In *Stephens* v. *Weyl-Zuckerman & Co.,* 34 Cal.App. 210 [167 P. 171], in speaking of the act of Congress giving jurisdiction to the federal courts in proceedings in rem to enforce such a lien, it is stated that this was intended to apply to in rem proceedings only, and that this ''was not thereby intended as an obstacle to the maintenance of suits in state courts against the owners of vessels for repairs thereof and the attachment of such vessels as a means of enforcing judgments obtained in such suits.''

Not only would it seem that the lien provided for in section 813 is not such a definite lien as was intended to be covered by the excluding provision of section 537, but there is another reason why the lien thus provided for should not prevent the issuance of an attachment. Even if such a lien could be considered as one which would otherwise come within the provisions of section 537, the statutes creating this lien, sections 813 et seq., specifically provide that there may be an attachment in spite of any such fact. In any view of the matter, this should be construed as constituting an exception to the provision of section 537 which forbids an attachment where a lien exists. It follows that the attachment proceeding herein was not void and no error appears in the court's rulings with respect thereto.

The judgment and orders appealed from are affirmed.

Griffin, J., concurred.